MRS. AUDREY KESSLER v. THE STATE.

No. 19907.   Delivered November 23, 1938.
Rehearing Denied March 1, 1939.

The opinion states the case.

*D. T. Bowles* and *Robert E. Bowers,* both of Breckenridge, for appellant.

*Ben J. Dean,* District Attorney, of Breckenridge, and *Lloyd W. Davidson,* State's Attorney, of Austin for the State.

KRUEGER, JUDGE.—The offense is driving an automobile upon a public highway while intoxicated. The punishment assessed is confinement in the county jail for a period of 40 days and by a fine of $200.00.

Appellant's first contention is that the evidence is insufficient to sustain her conviction. The state's testimony, briefly stated, shows that on the night of August 19, 1937, appellant and Mrs. Lyman were out driving in an automobile upon the streets of the town of Breckenridge. They drove over a steel barrel on the side of the street, into the back yard of Mrs. Aber-

nathy, ran over a trash can and into a clothes line before they brought their car to a stop. When the officers arrived, they found appellant sitting under the steering wheel of the car with a quart bottle which contained about one and one-half inches of whisky. She started to take a drink but the officers took it away from her and took both of the women to the county jail. In route to the jail, appellant used some obscene and abusive language toward the officers. Her breath carried the odor of whisky and she walked very unsteadily. She testified in her own behalf and denied that she was drunk from the recent use of whisky. She asserted that during the day, she took several tablets of amytal but did not remember drinking any whisky. Mrs. Lyman testified that at the request of appellant, who was suffering from a rash, she went to appellant's home to wait on her. That she carried two-thirds of a quart of whisky with her. That she found appellant suffering and decided to take her for a ride. That she did not remember who did the driving as she had taken a couple of drinks and become intoxicated. Appellant's husband and another doctor testified that amytal was a sedative and was given to quiet people and cause them to go to sleep. That it has the same effect as whisky.

We are of the opinion that the testimony is sufficient to sustain the jury's conclusion of appellant's guilt.

Appellant next contends that the court erred in declining to give her special requested instruction to the effect that if she was intoxicated on the night in question from the combined use of amytal and whisky to acquit her. We are of the opinion that she was not entitled to such an instruction. If she indulged in the use of amytal to such an extent that she thereby made herself more susceptible to the influence of intoxicating liquor, than she otherwise would have been and by reason thereof became intoxicated from the recent use of ardent spirits, she would be in the same position as though her intoxication was produced by the use of whisky alone. A person who gets himself in a condition whereby he may become intoxicated from a lesser quantity of whisky than it would ordinarily take to produce intoxication is nevertheless intoxicated from the use of whisky.

We note, however that the court in his main charge, instructed the jury that if they believed from the evidence that appellant was drunk from the use of amytal, or if they had a reasonable doubt thereof, to acquit her. This was all she was entitled to.

By bill of exception number five, appellant complains of certain remarks by the district attorney in his closing argument to the jury. She claims he used the following language: "During the year 1937, 33 people were convicted in this court of driving an automobile on the highways of the county while intoxicated, in our effort to make the highway safe for the use of its citizens."

The objection urged thereto was that it constituted unsworn testimony of a material nature; that it was calculated to prejudice the jury against her and influence them to convict her. That there was no evidence of any convictions for offenses of like nature. The court in his qualification to the bill states that appellant's counsel in his argument, said: "The defendant is a graduate nurse and in charge of the West Side Hospital and her training would make her acquainted with the effects of alcoholic liquor and you know that if she had been under the influence of intoxicating liquor, she would have known that she must not attempt to drive an automobile in that condition. I call your attention to the standing of Mrs. Kessler in this community as being a registered nurse and the head of a hospital and you should take into consideration her standing and position in the community in passing upon her guilt."

That in reply to this argument, the district attorney said: "The defendant has no more right in the court than any other individual regardless of her standing. She is just as much subject to being tried as anyone else regardless of her standing. Insofar as the officers are concerned, there are no favorites. 32 cases of driving while drunk were tried in this court last year."

Appellant accepted the bill as qualified and she is bound thereby. The bill as qualified shows that the remarks of the district attorney were not only provoked but were justified by the argument of counsel for appellant. As a general rule, a defendant will not be heard to complain of improper remarks by counsel for the state where he provoked the same. See Lubbock v. State, 147 S. W., 258 and authorities there cited. See, also, Sec. 363 Branch's Annotated Penal Code.

All other matters complained of by appellant have been carefully examined by us and are deemed to be without merit.

No error of a reversible nature appearing in the record, the judgment of the trial court will be affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We think it perfectly clear from our original opinion that the argument of the district attorney complained of was provoked by the argument of appellant's attorney, and was a direct and pertinent reply thereto.

Appellant sought to have the court give the following requested charge: "You are charged that if you find and believe from the evidence that the defendant, at the time and place alleged in the indictment, was under the influence of amytol or other drugs which were prescribed by her attending physicians and that while intoxicated by such drugs and in the company of another person who was drunk, the defendant took or was caused to take intoxicating liquor, if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty.' "

It must be borne in mind that no exceptions to the charge given by the court were presented, in which charge the court had told the jury to acquit appellant if she was under the influence of drugs and not under the influence of intoxicating liquor. The proposed charge would authorize an acquittal of one charged with "drunk driving" if such driver was under the combined influence of drugs and whisky regardless of the state of mind resulting from such use. This is not the law. If appellant had defended on the ground that she was temporarily insane from the combined use of drugs and whisky to the extent that she did not know what she was doing and was incapable of knowing and understanding the right and wrong of the particular act which she committed, she might have been entitled to have such issue submitted, but neither by objections to the court's charge nor by special requested charge was the court ever apprised that appellant desired the submission of any such issue.

The motion for rehearing is overruled.