OLIVER JAMES MILLER V. STATE

No. 32,468. November 23, 1960

Motion for Rehearing Overruled January 11, 1961

MORRISON, Presiding Judge, concurred.

DAVIDSON, Judge, dissented.

*Paul P. Regnier,* Houston, 2, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Bob Mussel-white,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $50.

The evidence relied on by the state was to the effect that appellant drove an automobile down a Houston street, hit the curb and then collided with a station wagon parked across the street.

Two police officers described appellant's appearance and demeanor and expressed the opinion that he was intoxicated. A third officer gave similar evidence, except that he testified that appellant "was very intoxicated or something awful was wrong with him."

The testimony of these officers included evidence that appel-

lant's speech was affected; that his face was flushed; that his eyes were glassy; that he staggered; and there was the smell of alcohol on his breath.

There was also testimony that appellant had to be helped into the police car and that he was trying to crawl over the back seat and it was necessary to place handcuffs on him to subdue him in the back seat of the police car.

On cross-examination of the first officer, who testified that appellant was intoxicated, it was brought out that a blood test had been taken.

The second officer who testified that appellant was intoxicated, who was present when the blood sample was taken, testified on cross-examination that irrespective of what the blood test showed, from what he saw at the scene he would still say that the defendant was intoxicated.

The blood sample traced to Floyd McDonald, whose qualifications as a chemist and toxicologist were stipulated. He testified that the blood was tested to determine its alcoholic content, which he found to be .04 percent. Over objection, Mr. McDonald was permitted to testify that another test showed "a blood analysis of 4.99 milligram % of phenobarbital in the body per 100 milliliters of blood."

Mr. McDonald further testified that phenobarbital would have a very strong effect as to tolerance with alcohol * * * would lower it tremendously, and that a concentration of phenobarbital 4,9% would so lower tolerance in any person that .04 per cent alcohol would produce intoxication.

The trial judge limited Mr. McDonald's testimony as to phenobarbital to the purpose of showing the change, if any, in a person's tolerance for alcohol.

The contention that the evidence is insufficient to show intoxication is predicated upon the theory that the amount of alcohol in the blood showed sobriety as a matter of law.

We have not yet progressed to the point where the alcoholic content of the blood shows either intoxication or sobriety as a matter of law. We are aware of no decision by this court which may be construed as so holding and the legislature has not yet

enacted a statute making proof of a certain amount of alcohol in the blood even prima facie evidence of intoxication or sobriety.

The case of Kessler v. State, 136 Tex. Cr. R. 340, 125 S.W. 2d 308, is here controlling. There we said that a person who gets himself in the condition whereby he may become intoxicated from a lesser quantity of whisky than it would ordinarily take to produce intoxication, is nevertheless intoxicated from the use of whisky.

The judgment is affirmed.

MORRISON, Presiding Judge, (concurring).

I agree to the affirmance of this conviction upon authority of Kessler v. State, 136 Tex. Cr. Rep. 340, 125 S. W. 2d 308, and Chemist McDonald's testimony.

DAVIDSON, Judge, (dissenting).

This case was tried under Art. 802, Vernon's P. C., which makes it unlawful for one to drive and operate a motor vehicle over the highways of this state while "intoxicated or under the influence of intoxicating liquor."

The evidence relied upon by the state is that appellant was intoxicated from the combined and synergistic effect of the use of both alcohol and barbiturates. It is not contended that the intoxication was the result solely of the use of intoxicating liquor. In fact, the blood test to which appellant submitted failed to show such alcoholic content in the blood as would authorize the conclusion that he was intoxicated from the use of intoxicating liquor. It was the barbiturates together with the intoxicating liquor that brought about the intoxication, but for which there would have been no intoxication on the part of the appellant.

It is this fact situation that distinguishes this case from that of Kessler v. State, 136 Tex. Cr. R. 340, 125 S. W. 2d 308, which the state relies upon to sustain the conviction. In that case it was held that one who had taken amytal along with whisky was not entitled to have the jury instructed that if the intoxication was brought about by such combined use the accused would not be guilty. The contention was held untenable, in the following language:

" * * * We are of the opinion that she [appellant] was not

entitled to any such instruction. If she indulged in the use of amytal to such an extent that she thereby made herself more susceptible to the influence of intoxicating liquor than she otherwise would have been and by reason thereof became intoxicated from the recent use of ardent spirits, she would be in the same position as though her intoxication was produced by the use of whisky alone. *A person who gets himself in the condition whereby he may become intoxicated from a lesser quantity of whisky than it would ordinarily take to produce intoxication is nevertheless intoxicated from the use of whisky."* (Emphasis, supplied)

The distinction between the Kessler case and this case is apparent. In the Kessler case the evidence showed intoxication from whisky without necessarily the immediately preceding use of amytal. In the instant case the intoxicating liquor, of and within itself, did not produce intoxication.

If it is a violation of the law to drive a motor vehicle upon the highways of this state while one is under the influence of barbiturates, it becomes so by reason of Art. 6701d, R. C. S.

Barbiturates are hypnotic drugs and are dealt with by special legislation in Art. 726d, Vernon's P. C.

The correctness of my position is demonstrated by the fact that under the holding of the majority the state would be authorized to convict without an affirmative finding by the jury that the intoxication was caused by the use of intoxicating liquor.

All that would be required would be a finding that appellant's intoxication was caused by a narcotic or barbiturate taken in connection with a small or non-intoxicating amount of liquor.

So, also, under such holding, in a case where intoxication was caused by the use of narcotics with the proof showing the use of some intoxicating liquor, the accused would not be entitled to have the state's case restricted to a prosecution for intoxication by the use of intoxicating liquor.

If the state charges, as here, that the accused was intoxicated by the use of intoxicating liquor, it should have to prove that allegation. I have always understood that to be the law, but it now appears that it is not the law.

I dissent.