### Ex parte Walter Lee BANKS, Jr.

### No. 61236.

Court of Criminal Appeals of Texas, En Banc.

May 2, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a felony post-conviction habeas corpus application brought pursuant to Art. 11.07, V.A.C.C.P.

Petitioner was convicted in May 1978 of possession of heroin and was sentenced in June 1978 to five years. He timely filed a notice of appeal and in December 1978 the appeal was affirmed in a per curiam opinion that recited no statement of facts and no briefs had been filed in the case and that appellant was represented by retained counsel. This habeas corpus application was brought in an effort to secure an out-of-time appeal on the grounds that petitioner's retained counsel breached a legal duty to his client to diligently pursue the appeal, and that petitioner was thereby denied effective assistance of counsel on appeal.

The convicting court conducted a hearing on petitioner's application at which the attorney, petitioner, petitioner's father, and one of the court reporters from petitioner's trial testified. The testimony from these various witnesses was in harmony and raised no factual disputes. The testimony supports these findings of fact entered by the hearing court, and we adopt them:

"1. Petitioner was represented by retained counsel at trial.

"2. Petitioner paid retained counsel his entire fee for representation of Petitioner during the course of the trial.

"3. Petitioner's original retained counsel at trial was retained by Petitioner to represent Petitioner on appeal.

"4. Petitioner's retained counsel on appeal entered notice of appeal for Petitioner.

"5. Retained counsel on appeal obtained an estimate of the transcription of the court reporter's notes [statement of facts] which was $390.

"6. Retained counsel on appeal set his financial requirements at $1,000 retainer to start on the appeal, an additional $2,500 appellate fee, and $390 for the statement of facts.

"7. Petitioner paid retained counsel on appeal the $1,000 retainer and $250 towards the preparation of the statement of facts.

"8. Through an apparent lack of communication, inadvertent mistake or misunderstanding, the statement of facts were never transcribed and filed, and no brief on appeal was filed.

"9. There is an arguably meritorious issue on appeal.

"10. The Court finds that Petitioner has been deprived of his effective right of appeal and therefore that Petitioner is entitled to an out-of-time appeal."

In *Steel v. State*, Tex.Cr.App., 453 S.W.2d 486, it was held:

". . . retained counsel, even one who has not been fully compensated for part services or compensated for further service, cannot wait until a critical stage of the proceedings is reached and bow out without notice to the court and the accused and 'frustrate forever accused's right to protect his vital interests.' *Atilus v. United States* (5 Cir.) 406 F.2d 694."

The proper relief when an appellant is denied effective assistance of counsel on appeal is to afford him an out-of-time appeal. The proper remedy in this case is to return petitioner to the point at which he gave notice of appeal. *Ex parte Raley*, Tex.Cr.App., 528 S.W.2d 257; *Ex parte Hill*, Tex.Cr.App., 528 S.W.2d 259.

It is so ordered.