Ronald Pete **RICHARDSON**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13–81–302–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 28, 1982.

---

Catherine E. Greene, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

A Harris County jury convicted Ronald P. Richardson of burglary of a building and assessed punishment of imprisonment for thirty years. His sole ground of error on appeal is that he was denied effective assistance of counsel. We affirm.

The record in this case discloses that the appellant, who had once been an employee of Channel Distributions, entered their warehouse in Houston in the early morning hours of March 31, 1979. Workers at a nearby plant observed the entry and called the police who surrounded the warehouse. The appellant lifted a door several inches above the ground, threw out a bundle and unsuccessfully attempted to crawl out. It was necessary for the police to extricate him from under the warehouse door. Subsequent investigation revealed that the contents of the bundle were taken from the office of the warehouse manager.

At the trial the State called as witnesses both of the workers who witnessed the break-in, all of the police officers involved in the investigation and the general manager of the warehouse. Thus, testimony was obtained from every person present at the warehouse the night of the burglary with the exception of the appellant. The appellant did request service of subpoenas on two witnesses who did not testify.

The record reveals an attempt by the appellant to present evidence that his intoxication prevented him from forming the requisite intent. The district attorney brought a motion in limine requesting that no evidence of intoxication be presented to the jury during the guilt/innocence phase of the trial because it is not a defense to the charge. The court granted the motion, noting that the defense would be permitted to present evidence of intoxication during the hearing on punishment. During both phases of the trial, defense counsel indicated that he was waiting for a witness, but when the witness failed to appear, the defense rested. Because a prior conviction enhanced the punishment, sentencing range available to the jury was five to ninety-nine years or life. The jury assessed a thirty-year term.

Counsel appointed to represent Mr. Richardson in this appeal has alleged that the two witnesses subpoenaed for the defense would have testified that the appellant was intoxicated on the night of the offense thereby providing a reason for the jury to mitigate the punishment. The appellant's brief further contends that failure of the defense counsel to ensure the presence of these witnesses at the punishment hearing or to secure a continuance until the witnesses were available constituted ineffective assistance of counsel. In a pro-se brief, the appellant also alleges ineffective assistance,

**332**

claiming that his trial counsel had a conflict of interest.

■ A defendant's constitutional right to counsel does not mean errorless counsel. *Ex parte Burns,* 601 S.W.2d 370, 372 (Tex. Cr.App.1980). To meet the constitutional standard, both appointed and retained attorneys must provide reasonably effective assistance. *Ex parte Duffy,* 607 S.W.2d 507, 514 (Tex.Cr.App.1980). In our review of claims that defense counsel failed to meet this standard, we examine the totality of the representation rather than focusing upon isolated acts or omissions. *Boles v. State,* 598 S.W.2d 274, 279 (Tex.Cr.App. 1980). We do not engage in hindsighted comparison of how other counsel might have tried the case. *Id.*

■■ In order to render effective assistance, an attorney must be acquainted with the facts as well as the law. *Ex parte Burns,* supra, at 372. Counsel has a responsibility to seek out and interview potential witnesses and a professional duty to present all available evidence and argument to support the defense of his client. *Ex parte Duffy,* supra, at 517, 518. Failure to contact witnesses present during the commission of the crime has been held to be ineffective assistance. *Flores v. State,* 576 S.W.2d 632 (Tex.Cr.App.1979).

■■ In the absence of a showing that the appellant would benefit from their testimony, the appellant's complaint that the failure of his trial counsel to call witnesses constituted ineffective assistance is unwarranted. *Hunnicutt v. State,* 531 S.W.2d 618, 625 (Tex.Cr.App.1976). Where the alleged derelictions of trial counsel are primarily errors of *omission* de hors the record rather than *commission* revealed in the trial record the proper vehicle to challenge the conviction is a collateral attack which permits the development of facts concerning the alleged ineffectiveness. *Ex parte Duffy,* supra, at 513.

Beyond the bare allegations of the appellate brief, there is nothing in the record before us which shows the content of the absent witnesses' testimony.

There is some indication that the appellant desired to use intoxication in his defense. But without further evidence, we are unable to conclude that the witnesses would have substantiated the claim of intoxication. Nor do we see any evidence of a conflict of interest on the part of appellant's trial counsel. What we do find is a transcript containing numerous motions, objections, requests for jury instructions and thorough cross-examination of the witnesses. The statement of defense counsel that he was expecting a witness does lend some support to the contention that failure to present testimony was not a tactical decision. The testimony established, however, that all witnesses present at the scene gave evidence at the trial. The record sheds no light on the connection of the witnesses subpoenaed by the defense to the case and certainly does not establish that the appellant would have benefited from their testimony. We overrule the ground of error brought forward by appellant's counsel and all grounds brought forward in appellant's pro-se brief.

The judgment of the trial court is affirmed.