William Chiles BOOHER, Appellant

v.

The STATE of Texas.

No. 01–83–0264–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 29, 1984.

Clyde F. Dewitt, III, Marshall A. Shelsy, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

## OPINION

DOYLE, Justice.

Appellant was charged by information with the offense of driving while intoxicated. He entered a plea of not guilty and filed a timely motion for probation. The jury found appellant guilty and assessed

his punishment at 180 days confinement and a fine of $500. On appeal, appellant raises five grounds of error in which he challenges the jury charge and alleges ineffective assistance of counsel.

In the first ground of error, appellant contends that the charge to the jury during the guilt/innocence phase was fundamentally defective because it failed to give the limiting instruction required by Section 2.05 of Texas Penal Code. Appellant argues that under Section 2.05, once the jury was instructed on the presumption of intoxication, it should have also been instructed as to the reasonable doubt standard used in determining whether the facts giving rise to the presumption are true. Section 2.05 in relevant part states the following:

(2) If the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

The State argues that the "presumption" in the instant case is "nothing more than a definition of the term intoxication" which was approved by the court in *Cox v. State,* 141 Tex.Cr.R. 561, 150 S.W.2d 85 (1941).

Appellant relies on two recent Texas Court of Criminal Appeals cases. In *Goswick v. State,* 656 S.W.2d 68 (Tex.Cr.App. 1983) and in *Wilson v. State,* 658 S.W.2d 615 (Tex.Cr.App.1983), the defendants appealed their convictions of driving while intoxicated based on the alcoholic content in blood levels, because the trial court charged the juries without including the instruction on presumption found in Section 2.05. The Court held in both cases that the language of Section 2.05 is mandatory. The Court emphasized that under Section 2.05 a valid presumption of intoxication, based upon alcoholic blood levels, does not exist unless the facts giving rise to the presumption are proven beyond a reasonable doubt. Furthermore, the jury is not required to use the presumption. *See Eckman v. State,* 600 S.W.2d 937 (Tex.Cr.App. 1980) and *Coberly v. State,* 644 S.W.2d 734 (Tex.Cr.App.1983).

Each of the cases relied upon by appellant dealt with the statutory presumption of intoxication based on the alcoholic content in blood having reached the level of 0.10 per cent or more. Therefore, the court's charge in those cases should have contained the terms of Section 2.05(2)(A)–(D).

■ However, in the case before us, we do not have a statutory presumption. The court's instruction merely defined intoxication by stating that "a person is presumed to be intoxicated within the meaning of the law when he does not have the normal use of his physical and mental faculties by reason of the use of intoxicating liquor." In *Cox, supra,* the court instructed the jury in the identical language, except that it used the word "deemed" where our instruction used "presumed." The court held this to be a definition of the term intoxication. Hence, no limiting instruction as required by Section 2.05 was necessary. Appellant's ground of error one is overruled.

In the second ground of error, appellant contends that the charge given to the jury at the punishment phase was fundamentally defective because it required the jury to find, as a prerequisite to awarding probation, that the defendant had filed an affidavit stating that he never has been convicted of a felony, and that the defendant had filed a motion for probation. According to appellant, since neither of these findings is required by law, appellant's burden of

proof was increased and the State's burden decreased.

In contrast, the State argues that appellant's burden was eased by the charge because he only had to prove that he filed two forms, which had already been timely filed at the time of the hearing.

■ Appellant is correct in his contention that the jury is not required to find that appellant has timely filed the affidavit or motion for probation, but that as a matter of law, such must be done before probation may be considered. Tex.C.Crim.P. Ann. art. 42.13.

However, it is well established that a "conviction will not be reversed because of an error in the jury charge which is beneficial to the accused." *Perez v. State*, 629 S.W.2d 834 (Tex.App.—Austin 1982), citing *Johnson v. State*, 65 S.W. 1071 (Tex.Cr. App.1901). It has been held that the charge "benefited" or eased the burden of the accused where: (1) the charge improperly instructed the jury that it was only to consider possible punishment of 5 to 99 years, when appellant could have received life, *Miracle v. State*, 604 S.W.2d 120 (Tex. Cr.App.1980); (2) the charge included an instruction on murder without malice, and the issue of malice was not before the court, *Ex Parte Green*, 548 S.W.2d 914 (Tex.Cr.App.1977); and (3) the charge authorized an acquittal for aggravated assault if the act was the result of the independent impulse of any of the co-defendants and not just one. *Perez, supra.*

■ Upon examination of the charge in the instant case, we find that the charge likely eased appellant's burden of proof. Normally, appellant would be required to prove that he had not been convicted of a felony before the jury could grant probation. *Walker v. State*, 440 S.W.2d 653, 659 (Tex.Cr.App.1969). The instruction given in the charge actually reduced what appellant had to prove, in order to receive probation, to what appellant had to produce to have probation even considered. The charge, as worded, would have allowed the jury to grant probation merely because appellant had timely filed the affidavit and motion for probation. Under these circum-

stances, appellant was not harmed by the erroneous instruction and will not be heard to complain of the beneficial instruction. This ground of error is overruled.

In the third and fourth grounds of error, appellant contends that the charge to jury at the guilt/innocence phase is fundamentally defective because it attempts to instruct the jury upon the combined effect of alcohol and other substances. The challenged portion of the jury charge reads as follows:

> You are further instructed that if a person by the use of medications or drugs renders himself more susceptible to the influence of intoxicating liquor than he otherwise would have been and by reason thereof became intoxicated from the recent use of intoxicating liquor, he would be in the same position as though his intoxication was produced by the use of intoxicating liquor alone.

The charge given by the court is commonly known as a "synergistic charge" and it is an accurate statement of a principle established in *Kessler v. State*, 136 Tex. Cr.R. 340, 125 S.W.2d 308 (1938). See also *Miller v. State*, 170 Tex.Cr.R. 406, 341 S.W.2d 440 (1960).

■ In *Miller*, the court cited *Kessler* for the proposition that a "person who gets himself in the condition whereby he may become intoxicated from a lesser quantity of whiskey than it would ordinarily take to produce intoxication is nevertheless intoxicated ..." for the purposes of the drunk driving statute. *Id.* 341 S.W.2d at 442. Therefore, a charge which includes this principle does not create a "new" crime, nor require a different culpable mental state, as contended by appellant. Accordingly, the third and fourth grounds of error are overruled.

In his fifth ground of error, appellant contends the conviction must be reversed because of ineffective assistance of trial counsel. As proof of the trial counsel's ineffective assistance, appellant points to counsel's failure to request a court reporter, the absence of a trial record, and the resulting failure to preserve any error in

the conduct of the trial for appellate review. Appellant argues that since the defense counsel bore the responsibility of insuring that a court reporter was present at trial, his failure to do so denied appellant any possibility of a meaningful appeal. Additionally, appellant contends that there was no strategic reason to not request a court reporter. Therefore, under *Ex Parte Banks*, 580 S.W.2d 348 (Tex.Cr.App.1979), trial counsel was ineffective.

We observe that there is no affirmative showing in the record that trial counsel did not request a court reporter to record the trial proceedings. The State argues that appellant's reliance on the absence of a transcription of the court reporter's notes, and the absence of such a request recorded on the docket sheet, is inappropriate on direct appeal. Under these circumstances, the proper vehicle for raising the issue of ineffectiveness of counsel is by collateral attack. See *Richardson v. State*, 645 S.W.2d 330 (Tex.App.—Corpus Christi 1982, PDR).

 Generally, the test for ineffective assistance of counsel is whether, taking in regard the totality of the representation, the defense attorney provided reasonably effective assistance of counsel. *Ex Parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980). The court may not engage in hindsight comparison strategy, or focus on isolated acts or omissions. *Boles v. State*, 598 S.W.2d 274 (Tex.Cr.App.1980).

■ However, where trial counsel's alleged errors are primarily omissions *de hors* the record, rather than errors revealed in the record, "the proper vehicle to challenge the conviction is a collateral attack which permits the development of facts concerning the alleged ineffectiveness." *Richardson, supra* at 332. *Ex Parte Banks, supra.*

In the instant case, by means of a direct appeal, appellant urges this court to review trial counsel's effective assistance, without the benefit of a record, or any development of facts, indicating defense counsel's ineffectiveness. This, we can not do, and we accordingly overrule appellant's fifth ground of error.

The judgment of the trial court is affirmed.