Ex Parte Borland 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-479-CR





EX PARTE: JOHN W. BORLAND,



 APPELLANT


 




FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY



NO. 35,580-2, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING 



 




 John W. Borland appeals from an order of the trial court denying relief on his
pretrial writ of habeas corpus. Borland is charged by information with driving while intoxicated
by alcohol, controlled substance, drug, or combination of two or more of these substances. See
Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993). Borland alleges that the constitutional
principle of double jeopardy (1) prohibits the State of Texas from trying him after his first trial ended
in a mistrial due to a deadlocked or "hung" jury. We will affirm the trial court's order. 



 BACKGROUND


 The information against Borland in his first trial charged him with driving while
intoxicated under the influence of alcohol alone. On the date of trial, before jury selection,
Borland's counsel informed the State's counsel that he intended to use the defense that Borland
had not been intoxicated through the consumption of alcohol and had used prescription drugs on
the day of his arrest. The State did not attempt to amend the information or ask for a continuance. 
Borland presented evidence at trial that supported his prescription-drug defense. (2) The State
requested and the trial court gave a jury charge, over Borland's objection, that contained the two
paragraphs at issue in this appeal:



You are instructed that if a defendant indulges in the use of drugs to such an extent
that he thereby makes himself more susceptible to the influence of alcohol than he
otherwise would have been and by reason thereof becomes intoxicated by the
recent introduction of alcohol into his body, he would be in the same position as
though his intoxication was produced by the use of alcohol alone.


Now, if you believe from the evidence beyond a reasonable doubt that . . . John
W. Borland, Jr., did then and there, while intoxicated by alcohol alone or by
alcohol in combination with a drug or drugs, drive or operate a motor vehicle in
a public place within said county, as alleged in the information, you will find the
defendant guilty as charged . . . .



These instructions are substantially identical to language approved by the Court of Criminal
Appeals in Heard v. State, 665 S.W.2d 488, 489 (Tex. Crim. App. 1984).

 The jury deliberated for eight hours. During this time, it sent several notes to the
trial court complaining that it was deadlocked. The presiding juror testified in this proceeding that
the jury voted five-to-one in favor of acquittal during its deliberations. The trial court considered
issuing a "dynamite charge" (3) to encourage the jury to reach a decision if possible, but instead
declared a mistrial, over Borland's objection.

 The State then filed the information in this case alleging intoxication by the use of
alcohol and drugs alone or in combination. Borland challenges the trial court's denial of relief
by three points of error. His first two points allege the Heard instructions given the jury acted
as an amendment of the information and that their submission constituted gross negligence and
intentional prosecutorial misconduct, thereby barring his retrial under the prohibition against
double jeopardy for the same offense found in the Fifth Amendment to the United States
Constitution and Article I, Section 14 of the Texas Constitution. His third point alleges his retrial
is barred because this intentional misconduct deprived him of his right to due course of law
guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section
19 of the Texas Constitution.



DOUBLE JEOPARDY 


 Jeopardy attached in Borland's first trial when the jury was sworn and impanelled. 
Crist v. Bretz, 437 U.S. 28 (1978). Ordinarily, once jeopardy attaches, a defendant possesses a
valued right to have his guilt or innocence determined before the trier of fact. United States v.
Scott, 437 U.S. 82 (1978); Torres v. State, 614 S.W.2d 436, 441 (Tex. Crim. App. 1981). If a
mistrial is declared without the defendant's request or consent, there must be a manifest necessity
for the mistrial, or it must serve the ends of public justice. Illinois v. Somerville, 410 U.S. 458
(1973); United States v. Perez, 22 U.S. (9 Wheat.) 579 (1824) (classic exposition of this rule by
Justice Story); Chvojka v. State, 582 S.W.2d 828, 830 (Tex. Crim. App. 1979). When the
mistrial is declared at the defendant's request, however, retrial is barred only if prosecutorial or
judicial overreaching provokes the defendant's request. Prosecutorial overreaching will be found
when the State, through gross negligence or intentional misconduct, causes aggravated
circumstances to develop that seriously prejudice a defendant, causing him to reasonably conclude
that a continuation of the tainted proceedings would result in a conviction. Chvojka, 582 S.W.2d
at 830-31 (relying on United States v. Dinitz, 424 U.S. 600 (1976)).

 The State correctly points out that Borland's complaint on appeal raises the issue
of prosecutorial overreaching, normally a consideration only when the defendant requests a
mistrial, rather than where, as here, the trial court declares a mistrial sua sponte. However,
because the burden is on the State to show manifest necessity in such a case, if Borland can
demonstrate intentional misconduct by the prosecution, it may be difficult for the State to prove
such necessity existed.

 Borland presents an unusual argument. He claims the State's misconduct in the
first trial was calculated to "hang" the jury because the State realized Borland's prescription-drug
defense would probably result in his acquittal. In fact, the jury was unable to reach a verdict. 
Borland attempts to bar his retrial following the trial court's dismissal of a "hung" jury in his first
trial, a formidable task:



[T]he trial judge's belief that the jury is unable to reach a verdict [has] long been
the classic basis for a proper mistrial. The argument that a jury's inability to agree
. . . requires acquittal, has been uniformly rejected in this country. Instead,
without exception, the courts have held that the trial judge may discharge a
genuinely deadlocked jury and require the defendant to submit to a second trial. 
This rule accords recognition in giving the prosecution one complete opportunity
to convict those who have violated its laws.


The trial judge's decision to declare a mistrial when he considers the jury
deadlocked is therefore accorded great deference by a reviewing court.



Arizona v. Washington, 434 U.S. 497, 509-10 (1978). Nevertheless, the Supreme Court
recognized certain instances where this deference is inappropriate: "If the record reveals that the
trial judge has failed to exercise the `sound discretion' entrusted to him . . . [or] acts for reasons
completely unrelated to the trial problem which purports to be the basis for the mistrial ruling,
close appellate scrutiny is appropriate." Id. at 510 n.28. One Texas court of appeals has stated
that bad faith prosecutorial or judicial overreaching could create a valid double jeopardy claim
even in the case of a "hung" jury. Knight v. State, 642 S.W.2d 180, 181 (Tex. App.--Houston
[14th Dist.] 1984, no pet.). If, as Borland alleges, the State submitted a jury charge it knew to
be erroneous in order to create confusion among the jurors and force the trial court to declare a
mistrial in order to salvage a case that otherwise appeared lost, we would be forced to determine
whether manifest necessity required a mistrial.


THE HEARD CHARGE


 In Kessler v. State, 125 S.W.2d 308 (Tex. Crim. App. 1938), the defendant was
convicted of driving while intoxicated by alcohol. On appeal, she claimed the court erred in
declining to submit her proffered instruction that if the jury found her intoxicated from the
combined effect of alcohol and the drug amytal, she must be acquitted. The Court of Criminal
Appeals noted the charge correctly informed the jury that it was to acquit the defendant if it found
her intoxicated from drug use alone, but then held,



"If she indulged in the use of amytal to such an extent that she thereby made
herself more susceptible to the influence of intoxicating liquor than she otherwise
would have been and by reason thereof became intoxicated from the recent use of
ardent spirits, she would be in the same position as though her intoxication was
produced by the use of [alcohol] alone.



Id. at 309. At the time, driving under the influence of drugs or the combined influence of alcohol
and drugs was not a specific offense under Texas law. The Kessler court merely held that "a
person who gets himself in the condition whereby he may get intoxicated from a lesser quantity
of [alcohol] than it would ordinarily take to produce intoxication, is nevertheless intoxicated from
the use of [alcohol]." Miller v. State, 341 S.W.2d 440, 442 (Tex. Crim. App. 1960).

 In Heard, the trial court used the language in Kessler, which had rejected a
defensive instruction that combined drug and alcohol use required acquittal, and submitted a jury
instruction that such combined use required conviction. The Court of Criminal Appeals held that
the charge was a correct statement of Texas law. Heard, 665 S.W.2d at 489-90.

 Borland argues the State in effect amended the information when it submitted the
two paragraphs from the Heard charge. The Court of Criminal Appeals specifically rejected such
an argument in Heard: "Thus, the trial court's charge did not expand on the allegations of the
information but merely applied the facts of this particular case to the law." Id. at 490; see also
Booher v. State, 668 S.W.2d 882, 884 (Tex. App.--Houston [1st Dist.] 1984, pet. ref'd)
("synergistic charge" of combined drug and alcohol use does not charge defendant with new
crime).

 Borland, however, contends the holding in Heard is no longer valid. He correctly
notes that Heard involved conduct occurring in 1980 and that the driving while intoxicated statute
was substantially altered, effective January 1, 1984. The statute now encompasses the use of
drugs as well as the combined use of alcohol and drugs. See Tex. Rev. Civ. Stat. Ann. art.
6701l-1 (West Supp. 1993). Borland contends the changes to the statute nullified the holding in
Heard and required the State to charge a defendant with the combined use of drugs and alcohol
rather than relying upon the jury instructions upheld in Heard.

 Borland cites no authority stating that Heard's holding has been overruled by the
amended driving while intoxicated statute. (4) We do not decide the continuing validity of Heard
in this opinion, but will assume that Heard is no longer good law under the amended statute.



THE STATE'S CONDUCT IN THE FIRST TRIAL


 The State originally charged Borland with the use of alcohol alone because it was
unaware he had used any other intoxicating substances. Borland informed the State's counsel on
the day of trial, before jury selection, that he would be using a prescription-drug defense. The
State was faced with several options at this point. First, as jeopardy had not yet attached, it could
dismiss the information and file a new charging instrument alleging the use of alcohol, drugs, or
a combination thereof. Second, it could ask for a continuance. Both actions would have delayed
the start of trial and wasted state resources. Third, it could amend the information to include the
additional allegations. However, the Court of Criminal Appeals has held that if the defendant
objects, it is reversible error for the trial court to allow such an amendment on the day of trial
before proceedings have begun. State v. Murk, 815 S.W.2d 556, 558 (Tex. Crim. App. 1991);
Sodipo v. State, 815 S.W.2d 551, 556 (Tex. Crim. App. 1991). Finally, it could rely upon the
instructions in Heard to respond to the prescription-drug defense if in fact Borland developed this
defense during trial.

 Prosecutors in this State are entitled to rely on the opinions of the Court of
Criminal Appeals. If the 1984 amendment of article 6701l-1 overruled Heard, it did so only
indirectly. We do not believe that Heard's incompatibility with the amended driving-while-intoxicated statute is so obvious that, as a matter of law, further reliance on the opinion constitutes
intentional misconduct or gross negligence. Borland had failed to demonstrate that the prosecutor
was acting in bad faith by relying on Heard at the first trial, or that the prosecutor's request for
the Heard instruction was calculated to produce a hung jury. Borland has also failed to establish
that the prosecutor should have known that a hung jury was likely if the Heard instruction was
given. We decline to hold that the prosecutor's actions at Borland's first trial amounted to
deliberate misconduct or gross negligence. (5) Therefore, the "hung" jury created a manifest
necessity that supports the trial court's declaration of a mistrial. See Woodson v. State, 777
S.W.2d 525 (Tex. App.--Corpus Christi 1989, pet. ref'd) (affirming trial court's declaration of
mistrial due to "hung" jury after eight hours of deliberation). The State has not placed Borland
in double jeopardy by retrying him when such necessity existed in the first trial. We overrule his
first two points of error.

 Borland's third point argues that the State's intentional misconduct bars his retrial
because it violated his right to due course of law. As we have found the State's conduct was not
intentionally designed to provoke a "hung" jury, we overrule this point.

 The order of the trial court is affirmed.



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: May 12, 1993

[Do Not Publish]
1. A pretrial writ of habeas corpus is the correct procedure for raising and appealing a claim
of double jeopardy based on a previous trial. Ex parte Robinson, 641 S.W.2d 552, 555 (Tex.
Crim. App. 1982) (relying on Abney v. United States, 431 U.S. 651 (1977)); see also Ex parte
Loffland, 670 S.W.2d 390, 392 (Tex. App.--Fort Worth 1984, pet. ref'd). This Court has
jurisdiction to hear an appeal from denial of a writ of habeas corpus. See Tex. R. App. P. 44.
2. The exact nature of this defense is difficult to ascertain, as the record on appeal does not
contain a complete statement of facts from the first trial. However, in Borland's proposed
findings of fact that he submitted to the trial court in this habeas corpus proceeding, one finding
states that he admitted he consumed two beers prior to his arrest, but also testified he used
prescription pain medicine due to oral surgery. The State does not dispute this account of
Borland's testimony.
3. See Allen v. United States, 164 U.S. 492 (1896).
4. State v. Carter, 810 S.W.2d 197, 200 (Tex. Crim. App. 1991) requires the State, on the
defendant's motion to quash, to allege in the charging instrument whether the defendant was
intoxicated by loss of his physical and mental faculties or by having an alcohol concentration of
0.10 or more in his blood, breath, or urine. Garcia v. State, 747 S.W.2d 379, 381 (Tex. Crim.
App. 1988) requires the State to specify what type of intoxicant the defendant allegedly used. 
Here, the State met these requirements in the first trial by alleging Borland lost the use of his
faculties by the use of alcohol.
5. Borland argues that judicial overreaching also bars his retrial. He claims the trial court
committed gross negligence by submitting the Heard charge to the jury. We reject this argument. 
Borland does not assert this complaint by point of error. Further, even if the holding in Heard
is no longer viable law, no court has so held, and we do not reach this issue today.