IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,765






EX PARTE SHEDRIC DEWAYNE FULBRIGHT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM BAYLOR COUNTY






 Per Curiam.



O P I N I O N




 This is an application for a writ of habeas corpus transmitted to this Court by the clerk
of the trial court pursuant to the provisions of Article 11.07, V.A.C.C.P.

 Applicant was convicted of the offense of possession of cocaine and the punishment
was assessed at confinement for ten years. Applicant's appeal of the conviction was dismissed
for want of jurisdiction. Fulbright v. State, No. 11-02-00157-CR (Tex. App. - Eastland,
delivered June 13, 2002, no pet.).

 In the present application it is alleged that appellate counsel was ineffective for failure
to give timely notice of appeal. The trial court has found that the notice of appeal was timely
given and that counsel was not ineffective for that failure. We agree. However, the record
before us affirmatively shows that counsel did not continue his presentation of the appeal after
his fee was not paid and the Applicant's family told counsel that no further work should be
done.

 In Steel v. State, 453 S.W.2d 486, 487 (Tex. Crim. App. 1970), we wrote:

 When private counsel is engaged, no duty devolves upon the court to
appoint counsel in criminal prosecution. However, retained counsel, even one
who has not been fully compensated for past services or compensated for
further service, cannot wait until a critical stage of the proceedings is reached
and bow out without notice to the court and the accused and "frustrate forever
accused's right to protect his vital interests." Atilus v. United States, (5 Cir.)
406 F.2d 694.


The record before us shows that counsel was hired by his client's family to prosecute the
appeal after being paid a partial retainer. He gave notice of appeal, designated the record and
requested a statement of facts. However, when the family could not arrange to pay for either
the record or the remainder of the fee the "family" informed counsel's associate that, since
they could not afford the remainder of the fee, counsel should do nothing further on the appeal. 
Counsel did nothing further. There is no indication that the client was ever consulted about this
decision or that counsel either sought or received permission to withdraw from the case. 
Having given notice of appeal retained counsel had the affirmative duty to continue the appeal
or seek and receive formal permission from the trial court to withdraw thus allowing different
arrangements to be made with regard to appellate representation. His failure to notify the trial
court of his decision to withdraw and his apparent failure to consult with his client about this
decision constituted abandonment of his client and served to "frustrate forever [the applicant's]
right to protect his vital interests." Steel v. State, 453 S.W.2d at 487. Applicant is entitled to
relief in the form of an out-of-time appeal. Ex parte Banks, 580 S.W.2d 348 (Tex. Crim.
App. 1979).

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from his conviction
in cause number 5043 from the 50th District Court of Baylor County. The proper remedy in a case such
as this is to return Applicant to the point at which he can give notice of appeal. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the conviction had been entered on the
day that the mandate of this Court issues. We hold that Applicant, should he desire to prosecute an appeal,
must take affirmative steps to see that notice of appeal is given within thirty days after the mandate of this
Court has issued.


DO NOT PUBLISH

DELIVERED: October 1, 2003