Affirmed and Memorandum Opinion filed October 18, 2005









Affirmed and Memorandum Opinion filed October 18, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00149-CR

____________

 

RONALD C. GUNTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________________

 

On Appeal from the County Court at Law No. 3 and Probate Court

Brazoria County, Texas

Trial Court Cause No. 128,183

______________________________________________________

 

M E M O R A N D U M    O P I N I
O N








A jury found appellant, Ronald Gunter, guilty of
driving a motor vehicle in a public place while intoxicated with alcohol.  The trial court assessed punishment at 90
days in jail, probated for one year, and a $1,000 fine.  In four points of error, appellant contends
the trial court erred by including a Asynergistic
effect@
instruction in the jury charge. 
Specifically, appellant argues: (1) expert testimony was required to
include a synergistic effect instruction and the trial court erred by sua
sponte qualifying appellant as an expert witness to fulfill the
requirement; (2) the synergistic effect instruction misled and confused the
jury because it was not a statement of law applicable to the case; (3) the
synergistic effect instruction allowed the jury to convict on a theory not pled
in the information and therefore lowered the State=s burden
because an expert was not called to testify; and (4) the synergistic effect
instruction was an improper comment on the weight of the evidence and
encouraged the jury to decide the case based on facts not in evidence.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

At approximately 3:00 a.m. on May 1, 2003, Officer
Andrew Beavers stopped appellant=s car
after he witnessed the car swerve and almost drive off of a public road.  Officer Beavers smelled a faint odor of
alcohol on appellant=s breath
and observed appellant leaning on his car to maintain his balance.  Appellant performed and failed three field
sobriety tests and was subsequently arrested for suspicion of driving while
intoxicated.

At the Pearland jail, appellant admitted he had consumed
one beer, so he was asked to take a Breathalyzer test.  Appellant refused to take the test but agreed
to perform two of the field sobriety tests he had failed earlier.  Appellant failed the tests again and was
charged with driving while intoxicated with alcohol. 

At trial, the jury was shown a videotape
containing all five of appellant=s field
sobriety tests.  Officer Beavers
explained the tests and testified appellant failed each one.  Officer Beavers testified he believed
appellant was intoxicated due to the consumption of alcohol based on appellant=s
driving, his demeanor, his statements, the odor of alcohol on his breath, and
his failure to pass the field sobriety tests.  Officer Beavers testified he is not a medical
doctor or a narcotics expert, but said he received training on the synergy
between drugs and alcohol and has had field experience with hundreds of
individuals suspected of being intoxicated on both drugs and alcohol at the
same time.  Based on his training and
experience, Officer Beavers testified it would take less alcohol for an
individual to lose the normal use of their mental or physical faculties if they
were already under the influence of some type of drug or narcotic.    








As a defense witness, appellant testified he
consumed no alcohol on the morning of his arrest; instead, appellant testified
his doctor prescribed the drug Effexor to treat his anxiety and mild
depression.  Appellant testified his
doctor increased his dosage the day before he was arrested, and claimed he was
impaired by the medication, not alcohol. 
Curiously, during his arrest, appellant did not tell any of the police
officers he was taking Effexor or that it was the reason for his
impairment.  Appellant introduced his
prescription records into evidence which showed he was prescribed the drug
Effexor.  Appellant also introduced the
drug=s warning
label into evidence. That label contained the following words: ATHIS
MEDICINE WILL ADD TO THE EFFECTS of alcohol and other depressants.@  

Under
Texas law, a person commits the offense of driving while intoxicated if the
person is intoxicated while operating a motor vehicle in a public place.  Tex.
Pen. Code Ann. ' 49.04(a) (Vernon 2003). 
The definition of intoxication has a subjective standard, Anot having the normal use of mental
or physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body@; and an objective standard, Ahaving an alcohol concentration of
0.08 or more.@ 
Tex. Pen. Code Ann. ' 49.01(2)(A) & (B) (Vernon
2003).

Because appellant refused a breath test, the
information accused appellant of operating a motor vehicle in a public place
while intoxicated Aby not
having the normal use of mental or physical faculties by reason of the
introduction of alcohol into the body.@  In conformity with this allegation, the court=s charge
to the jury defined Aintoxication@ as Anot
having the normal use of mental or physical faculties by reason of the
introduction into the Defendant=s body of
alcohol.@  At the State=s
request, the trial court instructed the jury as follows: 

You are further instructed that if a person by the use of medications
or drugs renders himself more susceptible to the influence of intoxicating
liquor than he otherwise would have been and by reason thereof became
intoxicated from the recent use of intoxicating liquor, he would be in the same
position as though his intoxication was produced by the use of intoxicating
liquor alone. 

 








Appellant objected to the inclusion of the
synergistic instruction and argued the instruction should not be included
without expert testimony concerning the effects of the medication.  Appellant also argued the synergistic effect
instruction should not be allowed because the State only alleged the
introduction of alcohol in its pleadings. 
Appellant=s
objection was overruled.

In four points of error, appellant claims the
trial court erred by including a synergistic effect instruction in the jury
charge.  

The Synergistic Effect Jury
Charge Instruction

Standard of Review

Review of alleged jury charge error requires an
appellate court make a two-fold inquiry: (1) whether error exists in the jury
charge, and (2) whether sufficient harm was caused by the error to require
reversal.  Middleton v. State, 125
S.W.3d 450, 453 (Tex. Crim. App. 2003). 
If error actually exists, we must determine whether the appellant
preserved the error by objection.  Under Almanza,
jury charge error requires reversal when the defendant has properly objected to
the charge and we find Asome harm@ to his
rights.  Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984). 
When the defendant fails to object or states he has no objection to the
charge, we will not reverse for jury-charge error unless the record shows Aegregious
harm@ to the
defendant.  Id.

A.        Expert
testimony








In his first point of error, appellant contends a
synergistic effect instruction cannot be included in the jury charge without
expert testimony and agues the trial court abused its discretion by sua
sponte qualifying him as an expert witness as to the synergistic effect of
Effexor and alcohol.  Appellant objected
to the inclusion of the synergistic effects instruction at the charge
conference by arguing it could not be included without expert testimony.  In overruling appellant=s
objection, the trial court stated appellant Atook the
stand with his background in pharmaceutical sales [and] his acknowledgment of
the contraindications on the literature and in the PDR that you=re not
supposed to take this drug that he was taking with alcohol.@

The decision whether an expert witness is
qualified to testify is a matter committed to the trial court=s
discretion.  DeLarue v. State, 102
S.W.3d 388, 395 (Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d).  Texas Rule of Evidence 702 governs the
admissibility of expert testimony.  See
Tex. R. Evid. 702.  Rule 702 provides a witness that is qualified
as an expert by knowledge, skill, experience, training, or education may
testify about that knowledge in the form of an opinion or otherwise if the
scientific, technical, or other specialized knowledge will assist the trier of
fact to understand the evidence or to determine a fact in issue.  Id. 


Appellant testified he is a sales representative
for a pharmaceutical company and is aware that consumption of alcohol while
taking Effexor is contraindicated.  While
appellant=s job as a pharmaceutical sales
representative almost certainly requires some knowledge of the prescription
medications he sells, there is nothing in the record establishing appellant was
qualified as an expert by his knowledge, skill, experience, training, or
education on the synergistic effect of Effexor and alcohol.  Under these facts, appellant did not qualify
as an expert witness regarding the synergistic effect of Effexor and alcohol, and
we hold it was error for the trial court to rule otherwise.  








However, the trial court=s
designation of appellant as an expert witness was harmless because appellant=s
testimony was admissible and relevant as non-expert witness testimony regarding
the warning provided with the Effexor. 
The jury was not misled into believing appellant was an expert witness
because the jury was not present when the trial court determined appellant was
an expert.  As far as the jury knew,
appellant was not considered an expert; therefore, the jury did not give undue
weight and credibility to appellant=s
testimony simply because he was designated as an expert.  See 
E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 553
(Tex. 1995) (stating experts appear more credible than lay witnesses).

Because appellant was not qualified as an expert
witness concerning the synergistic effect of Effexor and alcohol, we must
determine whether the trial court abused its discretion by including a
synergistic effect instruction in the jury charge without expert testimony.

Appellant argues the synergistic effect
instruction only should be included in the jury charge when there is expert
testimony.  In support of this
proposition, appellant relies on  cases
that do not discuss, review, or even appear to have a synergistic effect jury
instruction.  Instead, the cases
appellant cites involve: (1) whether the trial court erred by allowing opinion
testimony regarding whether someone was under the influence of drugs;[1]
and (2) whether evidence was sufficient to prove Aintoxication.@[2]  In this appeal, appellant does not bring
sufficiency points of error, and there is no opinion testimony on the issue of
whether appellant was under the influence of drugs.  








We are keenly aware the vast majority of cases
that include a synergistic effect instruction in the jury charge had expert
testimony regarding the synergistic effect of alcohol and the specific drug or
chemical.  See Gray v. State, 152
S.W.3d 125, 126B27 (Tex.
Crim. App. 2004) (chemist); Sutton v. State, 899 S.W.2d 682, 684 (Tex.
Crim. App. 1995) (plurality opinion) (forensic expert); Heard v. State,
665 S.W.2d 488, 489 (Tex. Crim. App. 1984) (doctor); Kessler v. State,
136 Tex. Crim. 340, 342, 125 S.W.2d 308, 309 (1938) (doctor); but see
Williams v. State, No. 03-02-00751-CR, 2004 WL 34840, at *1B3 (Tex.
App.CAustin,
Jan. 8, 2004, no pet.) (not designated for publication) (affirming the use of a
synergistic effect instruction where there was apparently no expert testimony
about the drug=s synergism with alcohol).  We do not believe the presence of experts in
those cases establishes a bright-line rule requiring expert testimony to
support the inclusion of a synergistic effect instruction in the jury
charge.  Moreover, in light of the
warning label, any testimony by an expert regarding the synergistic effects of
Effexor and alcohol would have constituted needless presentation of cumulative
evidence as to the effect consumption of both substances has on an
individual.  See Tex. R. Evid. 403.








We hold there was adequate evidence in this case
establishing the synergistic effect between alcohol and the prescription drug
Effexor to allow the synergistic effect instruction to be included in the jury
charge.  Officer Beavers, although not an
expert, received training on the synergy between drugs and alcohol and has
field experience with hundreds of individuals suspected of being intoxicated on
both drugs and alcohol at the same time. 
Based on his training and experience, Officer Beavers testified without
objection it would take less alcohol for an individual to lose the normal use
of their mental or physical faculties if they were already under the influence
of some type of drug or narcotic.  Also
included in the evidence is the warning label of the medication appellant
claims he took on the evening of his arrest: ATHIS
MEDICINE WILL ADD TO THE EFFECTS of alcohol and other depressants.@  Appellant testified he is a pharmaceutical
representative and is aware consumption of alcohol while taking Effexor is
contraindicated.  Combining this evidence
with appellant=s testimony that he took Effexor
before he was arrested and his pre-trial statement that he consumed one beer
before his arrest, the trial court properly submitted the synergistic effect
instruction.

Therefore, the trial court=s
designation of appellant as an expert witness was harmless error because the
jury did not give any undeserved weight and credibility to appellant=s
testimony and there was sufficient evidence establishing the synergistic effect
of Effexor and alcohol to allow the submission of the complained of
instruction.  Appellant=s first
point of error is overruled.     

B.        Statement
of law not applicable to this case

In his second point of error, appellant argues the
trial court erred by including the synergistic effect instruction in the jury
charge because the instruction was not a statement of law applicable to the
case and misled or confused the jury. 
Specifically, appellant contends the Aincreased
susceptibility to alcohol@ issue
was not raised by the evidence since an expert did not testify to the
synergistic interaction of combining alcohol with Effexor.  

The trial court must deliver to the jury a written
charge setting forth the law applicable to the case.  Tex.
Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2004).  The applicable law in this case is section
49.01(2)(A) of the Texas Penal Code, which provides that a person may become
intoxicated by way of: (1) alcohol, (2) a controlled substance, (3) a drug, (4)
a dangerous drug, (5) a combination of two or more of those substances, or (6)
any other substance into the body.  See
Tex. Pen. Code Ann. '
49.01(2)(A) (Vernon 2003).  








Here, Officer Beavers testified he believed
appellant was intoxicated through the consumption of alcohol.  In rebuttal, appellant testified prescription
medication made him impaired prior to his arrest.  Thus, the evidence raised the issue of
whether appellant was intoxicated through alcohol alone or alcohol combined
with a prescription drug.  After
appellant presented evidence concerning his use of Effexor and evidence that
Effexor adds to the effects of alcohol, the trial court was obligated to
instruct the jury on the law as set out in Sutton.  See Tex.
Code Crim. Proc. Ann. art. 36.14; Sutton, 899 S.W.2d at 685
(holding synergistic effect instruction was warranted as law applicable to case
when defendant introduced evidence that intoxication resulted from prescription
drugs); Gray v. State, No. 01-02-00602-CR, 2003 WL 21357335, at *1B2 (Tex.
App.CHouston
[1st Dist.] June 12, 2003, pet. granted) (not designated for publication)
(holding synergistic effect instruction was properly given as law applicable to
the case), aff=d, 152
S.W.3d 125 (Tex. Crim. App. 2004). 
Furthermore, as discussed in the first point of error, expert testimony
was not required because the drug warning label evidence concerning the
synergistic effect was sufficient to support inclusion of the instruction.  The synergistic effect instruction was
applicable to the case and did not mislead or confuse the jury.  We overrule appellant=s second
point of error. 

C.        Expansion
on the State=s
charging instrument

In his third point of error, appellant argues the
synergistic effect instruction allowed the jury to convict him on a theory not
pled in the information, therefore lowering the State=s burden because
an expert was not called to testify. 
This point of error is waived on appeal. 
Appellant=s brief
does not cite authority, provide any argument for this proposition, or even
refer to this issue under the heading APoints of
Error One & Three.@  See Tex.
R. App. P. 38.1(h).  Thus,
appellant=s third point of error is
overruled.

D.        Comment
on the weight of the evidence

In his fourth point of error, appellant argues the
synergistic effect instruction was in fact an improper comment on the weight of
the evidence because the issue of increased susceptibility to alcohol had not
been raised by the evidence.

 








Contrary to appellant=s
assertion, the synergistic effect instruction was not an improper comment on
the weight of the evidence.  The trial
court was obligated to instruct the jury on the law of synergistic effect once
appellant introduced evidence he had taken prescription medication.  See Sutton, 899 S.W.2d at 685 (holding
because defendant introduced evidence that intoxication resulted from
prescription drugs, synergistic effect instruction was warranted as law
applicable to case); Gray, 2003 WL 21357335, at *2 (holding synergistic
effect instruction was not an improper comment on the weight of the evidence), aff=d, 152
S.W.3d 125 (Tex. Crim. App. 2004). 
Following Sutton, we conclude the court=s charge
did not impermissibly comment on the weight of the evidence.  Similarly, we have already held there was
sufficient evidence to include the instruction without the requirement of
expert witness testimony.  Appellant=s fourth
point of error is overruled.

Conclusion

Having overruled all of appellant=s points
of error, we affirm the judgement of the trial court.  

 

/s/        John S. Anderson

Justice

 

Judgment
rendered and Memorandum Opinion filed October 18, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.  (Yates, J., concurs in result only.)

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 

 











[1]  See Pointer
v. State, 467 S.W.2d 426, 428 (Tex. Crim. App. 1971) (holding officer who
observed the defendant was competent to form an opinion as to whether the
defendant was under the influence of narcotics because officer had experience
dealing with narcotics); Hudson v. State, 453 S.W.2d 147, 148 (Tex.
Crim. App. 1970) (holding officer with many years of experience was qualified
to testify as to his opinion that defendant was under the influence of drugs
when the officer had dealt with many people in the defendant=s condition).  





[2]  See Smithhart
v. State, 503 S.W.2d 283, 285 (Tex. Crim. App. 1973).  The trial court in Smithhart determined
an officer with less than four months of experience was not qualified to give
an opinion of whether defendant was under the influence of drugs, or whether
taking Valium would influence the defendant=s
driving.  Id.  The Court of Criminal Appeals held the
circumstantial evidence was insufficient to prove intoxication while under the
influence of drugs when the only evidence to support the conviction was the
officer=s testimony that: (1) defendant=s speech was incoherent and his eyes were glassy; (2)
the point of impact of the accident was two feet from the center strip of the
highway in the inside lane; (3) the defendant had just come from the doctor=s office; (4) the defendant told an officer he was
taking Valium and had been drinking vodka that morning; and (5) the defendant
possessed an empty prescription bottle.  Id.
at 285B86.  See also
Payne v. State, No. 12-02-00312-CR, 2003 WL 22047776, at *8 (Tex. App.CTyler, Aug. 29, 2003, pet. ref=d) (not designated for publication) (holding the
evidence was sufficient to prove intoxication by any means when: (1) the
defendant admitted drinking one beer; (2) the defendant=s demeanor and performance on the field sobriety tests
indicated intoxication; and (3) expert testimony connected the defendant=s symptoms observed by the officers to the drugs she
had taken).