Daniel Charles SUTTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–92–0206–CR.

Court of Appeals of Texas, Amarillo.

July 28, 1993.

---

Martin L. Lenoir, Dallas, for appellant.

John Vance Crim. Dist. Atty., Dallas (Suzanne Kirby Perkins, Nancy Robb, David Nichols), for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

After a jury found appellant Daniel Charles Sutton guilty of the misdemeanor offense of driving while intoxicated, the trial court assessed his punishment at confinement in the county jail for two years,

probated, and a fine of $500. With a single point of error, appellant contends the court erred in including in its charge to the jury, over his objection, the "synergistic charge" which allowed the jury to convict on a theory not alleged in the information. Disagreeing, we will overrule the point and affirm.

By its information, the State alleged that appellant did, on or about May 27, 1989, drive and operate a motor vehicle on a public street and highway in Dallas County

> while intoxicated, in that [appellant] did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol, into [his] body....

The allegations were appellant's commission of the offense of driving while intoxicated denounced by Texas Revised Civil Statutes Annotated articles 6701*l*–1(b), 6701*l*–1(a)(2)(A) (Vernon Supp.1993).[1] No motion to quash the information was filed.

The State evidenced that appellant drove his vehicle into the rear of another vehicle stopped at a red light. The driver of the struck vehicle opined that appellant was drunk, because he staggered and smelled of alcohol. The investigating officer, observing appellant's appearance, locomotion, and strong smell of alcohol on his breath, formed the opinion that appellant was intoxicated due to the use of alcohol. The police officer, who then worked in the intoxilyzer room and sponsored the video tape taken of appellant on that occasion, recalled that appellant refused both the blood and breath tests. He stated that he could smell a strong odor of alcohol coming from appellant, that appellant walked with a sway, and that appellant was unable to comply with several of his instructions. Based on his experience and observations, he concluded that appellant exhibited the normal signs of intoxication.

When the State rested, appellant testified in his own defense, stating that he suffered from depression. He was taking Prozac and Xanax and, on the date of the accident, he took Klonopin, an anticonvulsant drug prescribed two days earlier. After taking the second of three Klonopin pills that day, he drank two beers approximately thirty minutes before the accident. His prescribing doctor did not warn him about mixing Klonopin with alcohol, and he believed the medication contributed to his intoxication.

Confirming that Klonopin was an anticonvulsant, antidepressant drug, the operator of a private forensic science laboratory read from a brochure that Klonopin causes drowsiness in 50% of the patients and ataxia, a condition that resembles intoxication, in 30% of the patients, and that patients medicated with Klonopin should not drive a motor vehicle. He conceded that alcohol would enhance the effects of Klonopin, and that a medicated patient could drink enough alcohol to become intoxicated from alcohol alone.

Over appellant's objection, the trial court included in its charge to the jury these instructional and applicative paragraphs:

> You are further instructed that if a Defendant indulges in the use of Klonopin to such an extent that he thereby makes himself more susceptible to the influence of alcohol than he otherwise would have been, and by reason thereof becomes intoxicated from recent use of alcohol, he would be in the same position as though his intoxication was produced by the use of alcohol alone.
>
> Now, therefore, if you find and believe from the evidence beyond a reasonable doubt that the Defendant, Daniel Charles Sutton, on or about the 27th day of May, A.D. 1989, in the County of Dallas and State of Texas was intoxicated, in that the Defendant did not have the normal

---

1. Article 6701*l*–1(b) provides, in part, that "[a] person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place."
   Article 6701*l*–(a)(2) provides that "intoxicated" means:
   (A) not having the normal use of mental or physical faculties by reason of the introduc-

tion of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or
   (B) having an alcohol concentration of 0.10 or more.

use of his mental or physical faculties by reason of introduction of alcohol into his body, and while so intoxicated, by reason of the introduction of alcohol into his body, either alone or in combination with Klonopin, and on said date did then and there drive or operate a motor vehicle in a public place, to wit: a street and highway in the County of Dallas and State of Texas, you will find the defendant guilty as charged in the information, and you will make no finding in this verdict as to punishment. If you do not find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict not guilty.

This portion of the court's charge may have been taken from the charge given in *Heard v. State,* 665 S.W.2d 488, 489 (Tex. Cr.App.1984), to which the same objection appellant lodged in this cause was rejected. *Id.* at 489–90.

Nevertheless, appellant, not mentioning *Heard,* but referring to that part of the decision in *Booher v. State,* 668 S.W.2d 882, 884 (Tex.App.—Houston [1st Dist.] 1984, pet'n ref'd), which approved an instruction similar to the one given in this cause, asserts that the *Booher* decision was based upon law before the current law was enacted in 1983. Thereafter, he submits, *Garcia v. State,* 747 S.W.2d 379 (Tex.Cr. App.1988), has since held that:

> In a prosecution under Art. 6701*l*–1(b) ... with the addition of Art. 6701*l*–1(a)(2)(A) to the definition of intoxication, the type of intoxicant used i.e., alcohol, a controlled substance, a drug, or a combination of two or more of these substances, becomes an element of the offense and critically necessary to the State's proof....

> We therefore hold that a charging instrument which alleges an offense under Art. 6701*l*–1(b) with intoxication defined under Art. 6701*l*–1(a)(2)(A) must allege the intoxicant singularly, or in *disjunc-*

*tive* combination. (Emphasis added by appellant.)[2]

*Id.* at 381. As a consequence, he argues, since the information's allegation of intoxication was only by the introduction of alcohol into his body, the court's charge, by authorizing the jury to convict "by reason of the introduction of alcohol into his body, either alone or in combination with Klonopin," authorized a conviction on a theory not alleged in the information, which constitutes reversible error under *Selman v. State,* 663 S.W.2d 838 (Tex.Cr.App.1984). We do not subscribe to the argument.

The *Garcia* court made the above-quoted remarks in addressing the question whether, and holding that, the trial court erred in overruling a timely motion to quash an information by which the defendant was charged with driving while intoxicated without an allegation of the type of intoxicant he used. In context, the remarks were referenced to the principle that when a statute provides more than one way to commit an act or omission, the State, upon timely request, must allege the manner and means it seeks to establish. 747 S.W.2d at 380. That is not the situation in this prosecution.

Here, the State alleged without any challenge, and offered evidence to establish, that appellant was intoxicated in that he did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol into his body, a statutorily-defined manner of intoxication. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(2)(A) (Vernon Supp.1993). The State did not allege, nor seek to establish, that appellant was intoxicated by the introduction of a combination of alcohol and drugs into his body. It was only after the State produced its evidence of appellant's intoxication by the use of alcohol that he injected his use of drugs to counteract the State's evidence.

However, under these circumstances, our prevailing law is that the combination of alcohol and drugs which would make an

---

**2.** Subsequently, *State v. Carter,* 810 S.W.2d 197, 199 (Tex.Cr.App.1991), clarified that in the instrument by which the State alleges the offense of driving while intoxicated, the State may spe-

cifically allege any or all of the statutorily-defined types of conduct either in the conjunctive or disjunctive.

individual more susceptible to the influence of the alcohol is in effect equivalent to intoxication by alcohol alone. *Heard v. State*, 665 S.W.2d at 490. Then, once appellant introduced evidence of his use of drugs, the trial court was obliged to instruct the jury on the applicable law. Tex. Code Crim.Proc.Ann. art. 36.14 (Vernon Supp.1993). The court did so by the instructional and applicative paragraphs quoted earlier in this opinion. In doing so, the court did not authorize appellant's conviction on a theory not alleged in the information; instead, the court merely applied the law to the facts of this prosecution. *Heard v. State*, 665 S.W.2d at 490. Appellant's point of error is overruled.

The judgment is affirmed.