**Daniel Charles SUTTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 1080–93.**

Court of Criminal Appeals of Texas, En Banc.

June 7, 1995.

&#9752;&#8605;357

Martin Lenoir, Dallas, for appellant.

John Vance, Dist. Atty., Suzanne K. Perkins, Nancy Robb and David Nichols, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MANSFIELD, Judge.

A jury found appellant, Daniel Charles Sutton, guilty of driving a motor vehicle in a public place while intoxicated with alcohol.[1] The trial court assessed appellant's punishment at confinement in the county jail for two years, probated, and a fine of $500. The Seventh Court of Appeals affirmed the judgment of the trial court. *Sutton v. State*, 858 S.W.2d 648 (Tex.App.—Amarillo 1993). We granted appellant's petition for discretionary review, pursuant to Texas Rule of Appellate Procedure 200(c)(2), to determine whether the jury charge authorized conviction on a theory not alleged in the information. We will affirm the judgment of the court of appeals.

Appellant was charged by information with driving while intoxicated with alcohol. In relevant part, the information alleged that appellant,

> on or about the 27th day of May, A.D.1989, in the County of Dallas and State of Texas, did then and there drive and operate a motor vehicle in a public place ..., to wit: a street and highway, while intoxicated, in that [appellant] did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol into [his] body.

Several witnesses testified at appellant's trial. Rosie Nash testified that at approximately 10:00 p.m., May 27, 1989, after she stopped her car at a red light in Dallas County, another car hit her car from behind. After the collision, Nash exited her car and walked over to the car that had hit her.

Although the driver of the other car said nothing, Nash believed him to be intoxicated with alcohol because he staggered and because she "could smell it on him."

Dallas Police Officer Archie King testified that he arrived at the scene of the collision at approximately 11:00 p.m. and found appellant still behind the wheel of his car. King arrested appellant after concluding that he was intoxicated with alcohol. King's conclusion was based on appellant's inability to stand unassisted, his slurred speech, and "a strong smell of alcohol coming from his breath."

Dallas Police Officer Greg Williams testified that after appellant was brought to a Dallas police station at approximately 11:10 p.m., he (i.e., appellant) refused to give a breath or blood sample. Williams also testified that appellant, while at the police station, "had a strong smell of alcohol coming from his mouth," that he "had a strong sway," and that he was unable to "comply with ... instructions that were relatively simple." Based on his experience and observations, Williams concluded that appellant was intoxicated with alcohol.

Appellant then took the stand in his defense and testified that he had no memory of the collision with Nash's car, although he did recall being behind the wheel of his car shortly after the collision. He testified further that, in the hours preceding the collision, he ingested two pills of the drug Klonopin, prescribed for him by his doctor; that his doctor never warned him to avoid mixing alcohol and Klonopin; that about thirty minutes before the collision, he consumed two beers; and that he found himself in "a precarious situation" on the night in question

1. At the time of appellant's offense, Texas Revised Civil Statutes article 6701*l*–1 provided in relevant part:

 (a) In this article:
 \* \* \* \* \* \*
 (2) "Intoxicated" means:
 (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, *or a combination of two or more of those substances into the body;* ...
 \* \* \* \* \* \*
 (b) A person commits an offense if the person is intoxicated while driving or operating a mo-

 tor vehicle in a public place. The fact that any person charged with a violation of this section is or has been entitled to use a controlled substance or drug under the laws of this state is not a defense.
 (Emphasis added.) *See now* Tex.Penal Code § 49.04.

"not because of alcohol [but] because of [his] medication."

Finally, defense witness John T. Castle, the owner-director of a forensic science laboratory in Dallas, testified that Klonopin, even taken properly, causes drowsiness in approximately fifty percent of users and "the appearance of intoxication" in approximately thirty percent of users; that an adult male taking Klonopin a few hours before drinking two beers "very likely ... would appear to be intoxicated on alcohol"; and that even one beer "would enhance the effect of the Klonopin." He also conceded that a Klonopin user could drink enough alcohol to become intoxicated from alcohol alone.

In its charge to the jury, the trial court instructed the jurors first that they could find appellant guilty if they found beyond a reasonable doubt that he had driven or operated a motor vehicle in a public place while intoxicated, "in that [he] did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into [his] body, as charged in the Information." The trial court also instructed the jury, over appellant's objection, as follows:

> You are further instructed that if a Defendant indulges in the use of Klonopin to such an extent that he thereby makes himself *more susceptible to the influence of alcohol than he otherwise would have been, and by reason thereof becomes intoxicated from recent use of alcohol,* he would be in the same position as though his intoxication was produced by the use of alcohol alone.

> Now, therefore, if you find and believe from the evidence beyond a reasonable doubt that the Defendant, Daniel Charles Sutton, on or about the 27th day of May, A.D.1989, in the County of Dallas and State of Texas was intoxicated, in that the Defendant did not have the normal use of his mental or physical faculties *by reason of the introduction of alcohol into his body, and while so intoxicated, by reason*
*of the introduction of alcohol into his body,* either alone or in combination with Klonopin, and on the said date did then and there drive or operate a motor vehicle in a public place, to wit: a street and highway ..., you will find the defendant guilty as charged in the information....

(Emphasis added.) The jury subsequently found appellant guilty "as charged in the Information."

On appeal, appellant argued that the jury charge, by authorizing conviction "by reason of the introduction of alcohol into [his] body, either alone or in combination with Klonopin," authorized conviction on a theory not alleged in the information. Appellant argued further that, under *Garcia v. State,* 747 S.W.2d 379 (Tex.Crim.App.1988), a jury charge may not authorize conviction for driving while intoxicated with a *combination* of intoxicants unless the State has first alleged that combination in the charging instrument. The court of appeals, relying upon our decision in *Heard v. State,* 665 S.W.2d 488 (Tex. Crim.App.1984), held that the trial court's jury charge "did not authorize appellant's conviction on a theory not alleged in the information; instead, the [trial] court merely applied the law to the facts of this prosecution." *Sutton v. State,* 858 S.W.2d at 651.

The issue presented to this Court in *Heard* was identical to the issue presented to us in this case. In *Heard,* the defendant was charged by information with driving a motor vehicle in a public place while "under the influence of intoxicating liquor." [2] After the State rested its case, defense witness Dr. Norman Kaplan testified that the defendant was his patient at the time of the offense and that she was, at his instruction, taking various medications for treatment of hypertension. Kaplan testified further that a person in the defendant's condition acting under the influence of those medications might appear intoxicated with alcohol, and that the mixing of those medications with alcohol might cause

---

**2.** At the time of Heard's offense, October 2, 1980, Tex.Rev.Civ.Stat.Art. 6701(*l*)–1 provided: "Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State ... while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor...." The statute at that time did not define the terms intoxicated or under the influence of intoxicating liquor, nor was there any language referring to an intoxication by reason of ingestion of a drug or a combination of alcohol and a drug.

a person to lose his mental acuity more quickly than if he was only drinking alcohol. The defendant herself then testified that she had drunk no alcohol on the day of the offense but that she had taken all of her medications. The trial court later instructed the jury in a manner essentially identical to the manner in which the trial court instructed the jury in this case, and the defendant was found guilty. The Eleventh Court of Appeals reversed, holding that the charge allowed the jury to convict on a theory not alleged in the information. We then reversed the judgment of the court of appeals, explaining:

> The jury was appropriately charged that they could convict appellant upon finding that her intoxication was due to liquor alone or a combination of liquor and drugs. Under our case law, this combination of liquor and drugs *which would make an individual more susceptible to the influence of the liquor* is in effect equivalent to intoxication by liquor alone. Thus, the trial court's charge *did not expand on the allegations of the information* but merely applied the facts of this particular case to the law. There is no error.

*Heard v. State,* 665 S.W.2d at 490 (emphasis added; citation omitted).

 Our holding in *Heard* is dispositive of this case.[3] The trial court's charge at appellant's trial, like the charge at Heard's trial, did not expand on the allegations in the information. Rather, the charge at appellant's trial, when read carefully, allowed conviction only if the jury found that appellant had been intoxicated *with alcohol,* either alone or in combination with a drug that made him *more susceptible to the alcohol.* In either case, the jury had to find that appellant had been intoxicated *with alcohol,* not with the drug. The jury clearly did so, finding appellant guilty "as charged in the information," which means the jury found him intoxicated due *solely* by reason of the introduction of alcohol into his body. The

jury did *not* find appellant guilty due to intoxication by reason of ingestion of Klonopin or ingestion of Klonopin and alcohol. Even accepting appellant's argument that the jury charge impermissibly expanded on the allegation in the information, he fails to show any resulting harm.

 It was appellant himself who presented evidence that his use of a prescription drug contributed to his condition at the time of the collision. Once appellant introduced this evidence, the trial court was obligated to instruct the jury on the law as explicated in *Heard. See* Tex.Code Crim.Proc. art. 36.14.

Appellant's reliance upon *Garcia* is misplaced, because the issue in that case was quite different. In *Garcia,* we held that in the face of a timely motion to quash, a charging instrument in any DWI prosecution must specify the type(s) of intoxicant allegedly used by the defendant. Here, appellant made no such motion to quash.

Having discerned no error, we AFFIRM the judgment of the court of appeals.

MEYERS, J., concurs in the result.

OVERSTREET, J., dissents.

MALONEY, Judge, dissenting.

Because the majority fails to apply the principles set forth in *Fisher v. State,* 887 S.W.2d 49 (Tex.Crim.App.1994), does not account for changes in the controlling statute as interpreted by this Court in *Garcia v. State,* 747 S.W.2d 379 (Tex.Crim.App.1988) and *State v. Carter,* 810 S.W.2d 197 (Tex. Crim.App.1991), and fails to distinguish *Heard v. State,* 665 S.W.2d 488 (Tex.Crim. App.1984), all of which compel a reversal in this case, I dissent.

I.

In *Fisher,* 887 S.W.2d at 52, the defendant, like appellant here, also complained that the instruction allowed the jury to convict on a

---

**3.** It is noted that the statute in effect at the time of Heard's offense (see footnote 2) did not define the term "intoxicated" and did not contain any language to cover situations in which intoxication may be the result of ingestion of a combination of one or more drugs and alcohol, or the result of ingestion of one or more drugs and no alcohol. The fact that the statute has been amended (see Tex.Pen.Code 49.01 through 49.10) does not, in our opinion, invalidate the reasoning in *Heard.*

theory not pled in the indictment. Although *Fisher* presented a sufficiency of the evidence issue, its holding was premised upon an understanding of the relationship between the indictment, a defendant's expectations about what he would be tried for, the jury instructions, and ultimately the appellate court's review of the sufficiency of the evidence to support the conviction. The Court explained that

> [w]here the indictment facially alleges a complete offense (either initially or after amendment), the State is bound by the theory alleged in the indictment, as is the reviewing court in its sufficiency analysis.

*Id.* at 57. A proper instruction incorporates the specific theory alleged in a facially complete indictment and no other. *See id.* A proper instruction may not broaden the basis upon which the State can obtain a conviction, beyond that alleged in a facially complete indictment. *See id.* Moreover,

> [w]here the indictment does not facially allege a complete offense (either initially or after amendment), the State may attempt to prove (and the defendant is deemed to be on notice of) any theory of the offense that is consistent with the incomplete indictment and the controlling penal provision examined together. Accordingly, the instruction may broaden the State's theory as set forth in the incomplete indictment so long as the instruction remains consistent with the allegations that are contained in the indictment and with the controlling penal provision.

*Id.* at 57–58.

While these principles were outlined specifically in connection with a reviewing court's sufficiency analysis, they reflect a fundamental understanding of the structure of a criminal case, from its inception by indictment or information through appeal of the sufficiency of the evidence to support the conviction. *See Thomason v. State,* 892 S.W.2d 8 (Tex.Crim.App.1994) (applying *Fisher* principles to hold that State is committed to theory of prosecution alleged in indictment complete on its face).

## II.

With these principles in mind, the first question in determining whether the jury instruction improperly authorized conviction on a theory not alleged in the information is whether the information alleged a facially complete offense. The controlling statute, article 6701*l*-1, provided at the time of the instant offense that "[a] person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." TEX.REV.CIV.STAT.ANN. art. 6701*l*-1(b) (Vernon Supp.1989). The statute further provided that

> "Intoxicated" means:
>
> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or
>
> (B) having an alcohol concentration of 0.10 or more.

*Id.* at 6701*l*-1(a)(2)(A), (B). These provisions were interpreted in *Garcia v. State,* supra, where the Court held an information should have been quashed at the defendant's request because the State failed to specify therein the specific substance by which the defendant had become intoxicated. The Court explained that "the type of intoxicant used i.e., alcohol, a controlled substance, a drug, or a *combination* of two or more of these substances, *becomes an element of the offense* " and therefore must be specifically alleged in the charging instrument. *Garcia,* 747 S.W.2d at 381 (emphasis added).[1]

---

1. The majority concludes that *Garcia* is not controlling because there the Court held that "in the face of a timely motion to quash, a charging instrument in any DWI prosecution must specify the type(s) of intoxicant allegedly used by the defendant", but here "appellant made no such motion to quash." Maj. op. at 685. This distinction is irrelevant, however, in light of the facts of the instant case. In *Garcia,* the information simply alleged that the defendant operated a motor vehicle "while intoxicated." *Garcia,* 747 S.W.2d at 380. The information was facially defective for its failure to allege any intoxicant, and therefore a proper subject for a motion to quash, as we so held. *Id.* at 381. By contrast, the information in the instant case was not defective, as it specifically alleged the means of intoxication as "alcohol." This Court has never required a defendant to object to a facially good indictment or information in order to preserve charge error.

Later, in *Carter,* supra, the Court noted that an offense under article 6701*l*–1(a)(2)(A) may be established by proving the defendant drove or operated a motor vehicle while not having the normal use of his mental or physical faculties due to ingestion of either: (1) alcohol; (2) a controlled substance; (3) a drug; or (4) a combination of two or more of those substances. *Carter,* 810 S.W.2d at 200. An information which failed to allege which type of intoxicant the State would seek to prove at trial was defective in the face of a motion to quash. *Id.*

Although in a procedurally different posture than the instant case, *Garcia* and *Carter* both stand for the proposition that since article 6701*l*–1(a)(2)(A) now specifically defines the ways in which a person can become "intoxicated", the specific manner of intoxication has likewise become an element of the State's case.

The information in the instant case alleged in relevant part that appellant operated a motor vehicle in a public place "while intoxicated, in that [appellant] did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol, into [appellant's] body[.]" This information alleges a complete offense by alleging that appellant operated a motor vehicle in a public place while intoxicated and by specifying the manner of intoxication as "the introduction of alcohol." The applicable statute sets forth four specific ways by which a defendant can become "intoxicated." *Carter,* supra. The manner of intoxication is an element of the offense. *Id.* Here, the State pled one of those four manners of intoxication. As the information alleges a facially complete offense, the State is bound to the elements pled, and the instructions may not expand

upon the specific allegations in the indictment. *Fisher,* supra.

The instructions tracked the language of the information, but also instructed the jury that if appellant's use of Klonopin [2] made him more susceptible to alcohol, and he became intoxicated from recent use of alcohol, he would be in the same position as if intoxication had been produced by use of alcohol alone. The application paragraph, in pertinent part, instructed the jury that appellant would be guilty if he

> did not have the normal use of his mental or physical faculties by reason of introduction of alcohol into his body, and while so intoxicated, by reason of the introduction of alcohol into his body, *either alone or in combination with Klonopin,* ... did then and there drive or operated a motor vehicle in a public place[.]

(emphasis added). In contrast to the information's allegation of intoxication by alcohol alone, the instruction alleges a drug/alcohol combination theory. The instruction erroneously expanded on the allegations in the facially complete indictment.[3]

### III.

The majority relies entirely on *Heard v. State,* supra, in support of its holding; however, reliance on that case is misplaced, as it was decided under a previous version of the controlling statute. Under the version of article 6701*l*–1(a)(2)(A) at issue in *Heard,* an offense was committed if a person was driving while "intoxicated or under the influence of intoxicating liquor". Tex.Rev.Civ.Stat. Ann. art. 6701*l*–1(b) (Vernon Supp.1981). The term "intoxicated" was not defined. In *Heard* the information alleged intoxication by alcohol alone. *Heard,* 665 S.W.2d at 489. Like appellant, the defendant in *Heard* her-

---

Moreover, the majority chooses to ignore the portion of the Court's holding in *Garcia* in which the Court stated that under article 6701*l*–1(b) as it is now written, the type of intoxicant used is "an element of the offense" and therefore the State "must allege the intoxicant singularly, or in disjunctive combination." *Id.* It is the State's job to decide what to allege in its charging instrument; it is not up to the defendant to tell the State what to allege via motions to quash facially complete indictments or informations.

2. Klonopin is denoted as "clonazepam" in Schedule IV of the Controlled Substances Act. Tex.Health & Safety Code Ann. § 481.035.

3. The State can in the future avoid the problem of an unknown intoxicant by pleading the various means of intoxication in the alternative. As this Court emphasized in *Carter,* the State may specifically allege *any* or *all* of the statutorily-defined types of conduct regarding an offense. *Carter,* 810 S.W.2d at 199.

self introduced evidence that her intoxication may have been caused by liquor *in combination* with prescription drugs. The trial court instructed the jury that it could convict the defendant upon finding her intoxication was due to liquor alone *or* a combination of liquor and drugs. The Court upheld the instruction, reasoning that

> [the] combination of liquor and drugs which would make an individual more susceptible to the influence of the liquor was in effect, *equivalent to intoxication by liquor alone.*

*Id.* at 490 (emphasis added).

Based upon *Heard,* the majority concludes in the instant case that the "susceptibility" theory is really just another way of permitting a finding of intoxication by alcohol alone. Even though the instruction speaks in terms of intoxication by alcohol "either alone *or in combination with* Klonopin", the majority seems to reason that by virtue of the susceptibility language, the instruction presents an alcohol alone theory. While such reasoning might have made sense at the time of the Court's opinion in *Heard* since at that time there was no separate statutory category for a combination of drugs and alcohol, it is not consistent with the current version of the statute. The "combination of liquor and drugs which would make an individual more susceptible to the influence of the liquor", *Heard,* supra, is *not* equivalent to intoxication by liquor alone under the amended statute which specifically provides for four separate means of intoxication, including a combination theory. Such instruction, under any reading of the controlling version of the statute, falls under a combination category, not the alcohol alone category.

The instruction in the instant case allowed the jury to convict appellant if it found he was intoxicated by his use of either alcohol alone or by a combination of alcohol and Klonopin, improperly expanding on the allegations set forth in the information, and authorizing a conviction on a theory not alleged in the charging instrument. This amounted to error in the charge. Accordingly, the judgment of the Court of Appeals should be reversed and the case remanded. *See Al-*

*manza v. State,* 686 S.W.2d 157 (Tex.Crim. App.1984).

For these reasons, I dissent.

CLINTON and BAIRD, JJ., join.