Opinion issued August 8, 2002










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01218-CR

____________


JOSEPH WILLIAM LIGHTCAP, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Court at Law No. 6

Harris County, Texas

Trial Court Cause No. 0997742






O P I N I O N

 A jury found appellant, Joseph William Lightcap, guilty of the misdemeanor
offense of driving while intoxicated ("DWI") and found true the allegations contained
in an enhancement paragraph for a prior conviction for possession of marihuana. The
trial court assessed punishment at 180 days in jail, probated for two years, and
imposed a $2,000 fine. In three points of error, appellant contends the trial court
erred in overruling his motion to suppress evidence, in admitting evidence of
extraneous offenses, and by including a jury instruction on the synergistic effect of
alcohol with prescription drugs.

 We affirm.

Background

 Tomball Police Officer Paul Kowalik testified that, in the early morning hours
of April 25, 2000, while using a radar unit, he observed appellant driving a car at 60
miles per hour ("mph") in a 45-mph zone on FM 249. Kowalik turned on his
overhead emergency lights, and appellant pulled over into a nearby parking lot. 
Appellant stepped out of the car and placed chewing tobacco in his mouth. Kowalik
approached appellant and noticed that appellant spoke with slurred speech, and, after
appellant coughed, noticed appellant had a strong odor of alcohol on his breath.

 Kowalik administered several field sobriety tests to appellant, and testified that
appellant failed the horizontal gaze nystagmus ("HGN") test, the Romberg test, the
one-leg stand test and the walk-and-turn test. Appellant's performance on these tests
was recorded on videotape.

 Appellant testified that he was at a sports bar from 11:00 p.m. to approximately
2:15 a.m. the night of his arrest and had not consumed any alcoholic beverages. 
Rather, appellant testified he had taken Zoloft and Xanax, as prescribed by his doctor,
which made him dizzy. He further presented the testimony of an expert, Dr. George
Glass, who described the effects of Zoloft and Xanax, both anti-depressants. Dr.
Glass testified that both drugs can cause nystagmus and that the consumption of
alcoholic beverages with either of these drugs would intensify the effects of alcohol.

Motion to Suppress Evidence

 In his first point of error, appellant contends the trial court erred in overruling
his motion to suppress evidence. Specifically, appellant contends the trial court erred
in suppressing evidence because the officer lacked "probable cause" for the stop and
detention. Appellant argues the officer lacked "probable cause" because appellant's
"speed is in dispute," i.e., appellant testified he was driving 50 mph in a 50-mph zone,
while Officer Kowalik testified appellant was driving 60 mph in a 45-mph zone.

Standard of Review

 Unless there is an abuse of discretion, a trial court's ruling on a motion to
suppress evidence will not be set aside. Taylor v. State, 945 S.W.2d 295, 297 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd). We will afford almost total deference
to a trial court's determination of facts supported by the record, especially when
based on the evaluation of the credibility and demeanor of witnesses. Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The fact finder is the sole judge
of the witness's credibility and may accept or reject any or all of the witness's
testimony. Taylor, 945 S.W.2d at 297. In reviewing a ruling on a question of
application of the law to the facts, we review the evidence in the light most favorable
to the trial court's ruling. Guzman, 955 S.W.2d at 89. However, we review de novo
a trial court's determination of reasonable suspicion and probable cause. Id. at 87.

Investigative Detention

 It is clear that circumstances short of probable cause may justify a temporary
investigative detention. Garza v. State, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). 
A police officer may make a temporary investigative detention of a person if the
officer has a reasonable suspicion that some activity out of the ordinary is or has
occurred, some suggestion to connect the detainee with the unusual activity, and some
indication that the activity is related to a crime. Stone v. State, 703 S.W.2d 652, 654
(Tex. Crim. App. 1986).

 Thus, as in Stone, whether the officer had "probable cause" to stop the car is
irrelevant, since he did not need probable cause to do so; rather, he needed only a
reasonable suspicion based on articulable facts. Id. at 654-55. Here, Officer Kowalik
testified that he determined, by radar, that appellant was driving a car at 60 mph in
a 45-mph zone. This gave Kowalik reasonable suspicion, based on articulable facts,
that appellant was committing the offense of speeding. A stop that meets the test for
reasonable suspicion is lawful even if the facts supporting the stop are ultimately
shown to be inaccurate or false. Icke v. State, 36 S.W.3d 913, 916 (Tex.
App.--Houston [1st Dist] 2001, pet. ref'd).

 We overrule appellant's first point of error.

Admission of Extraneous Offenses

 In his second point of error, appellant contends the trial court erred in admitting
into evidence parts of the videotape containing audible references to marihuana
residue in appellant's car and a report of a prior conviction for driving while
intoxicated.

 The introduction of extraneous offenses to the jury is inherently prejudicial,
and, hence, harms a defendant because it requires the defendant to defend against not
only the charged offense, but also his uncharged actions. Sattiewhite v. State, 786
S.W.2d 271, 285 (Tex. Crim. App. 1989). The admission of extraneous offenses also
prejudices a defendant because of a jury's natural inclination to infer guilt to the
charged offense from the extraneous offenses. Templin v. State, 711 S.W.2d 30, 32
(Tex. Crim. App. 1986). One method of lessening the potential prejudice from the
inclusion of extraneous offense evidence is to give a limiting instruction to the jury. 
Robinson v. State, 701 S.W.2d 895, 899 (Tex. Crim. App. 1985). There is a
presumption that a jury will properly consider evidence when correctly instructed by
the trial judge. Rose v. State, 752 S.W.2d 529, 554 (Tex. Crim. App. 1988). 
Conversely, where no instruction is given, we cannot follow the presumption that the
jury properly considered the evidence at trial.

 To preserve error in regard to the admission of extraneous offense evidence,
a defendant must first object under Rule 404(b). Tex. R. Evid. 404(b); Saldivar v.
State, 980 S.W.2d 475, 491 (Tex. App.--Houston [14th Dist] 1998, pet. ref'd). The
State must then show the proffered evidence is relevant apart from its tendency to
show that the defendant is a criminal. Saldivar, 980 S.W.2d at 491. At the
defendant's request, the trial court should then require the State to articulate the
limited purpose for which the evidence is offered. Id. In making its determination
as to the relevancy of the evidence, the trial court must determine, at the proffer of the
evidence, that a jury could reasonably find beyond a reasonable doubt that the
defendant committed the extraneous offense. Id. If the trial court determines the
evidence is relevant, the defendant must then object under Rule 403 and obtain a
ruling as to whether the probative value of the evidence is substantially outweighed
by its prejudicial effect. See Tex. R. Evid. 403.

 At trial, appellant raised a Rule 404(b) objection to the audio reference on the
videotape to marihuana residue in his car. The State argued the reference was
admissible on the grounds that it occurred contemporaneous with the traffic stop and
DWI investigation and was relevant to show appellant's state of mind. The trial court
denied appellant's objection and admitted the videotape in its entirety. Appellant did
not make a Rule 403 objection to the marihuana residue reference and did not request
a limiting instruction to lessen any prejudice. See Robinson, 701 S.W.2d at 899. 
While the jury was deliberating, appellant's counsel stated on the record as follows:

 I chose not to bring attention to the mari[h]uana aspect by not asking for
an instruction relating to an extraneous offense which would have been
related to the mari[h]uana and neither I or Counsel for the State in
argument made any reference to the mari[h]uana. So in that respect I
feel that I made the appropriate decision.


Consequently, appellant failed to preserve error regarding the reference to the
marihuana residue on the videotape. Tex. R. App. P. 33.1.

 Appellant also made no objection to the audio portion of the videotape
referring to a prior conviction for DWI. (1) Therefore, appellant did not preserve this
issue for review. Tex. R. App. P. 33.1; Saldivar, 980 S.W.2d at 491.

 We overrule appellant's second point of error.

Jury Charge


 In his third point of error, appellant contends the trial court erred by including
an instruction on the synergistic effects of alcohol with Zoloft and/or Xanax in the
jury charge. Appellant complains the trial judge erred because the instruction
submitted an alternative theory of guilt in the jury charge that was not alleged in the
information. He argues the instruction authorized the jury to convict him if it found
either that he was intoxicated by alcohol alone, as alleged in the indictment, or
because he consumed alcohol in combination with Zoloft or Xanax, an allegation not
contained within the information.

 The information charged appellant with operating a motor vehicle in a public
place while intoxicated, i.e., "not having the normal use of his mental and physical
faculties by the reason of the introduction of alcohol into his body."

 The relevant portion of the jury charge reads as follows:

 You are further instructed that if a Defendant indulges in the use of
Zoloft or Xanax, to such an extent that he thereby makes himself more
susceptible to the influence of alcohol than he otherwise would have
been, and by reason thereof becomes intoxicated from recent use of
alcohol, he would be in the same position as though his intoxication was
produced by the use of alcohol alone.


 Now, therefore, if you find and believe from the evidence beyond a
reasonable doubt that the Defendant, JOSEPH WILLIAM LIGHTCAP,
on or about the 25th day of April, 2000, in Harris County, Texas, did
while intoxicated, namely, not having the normal use of the defendant's
mental or physical faculties by the reason of the introduction of alcohol
into the defendant's body, and while so intoxicated, by reason of the
introduction of alcohol into his body, either alone or in combination
with Zoloft or Xanax, did drive or operate a motor vehicle in a public
place, you shall find the defendant guilty.


(Emphasis added.)


 In support of his argument that the instruction submitted an alternative theory
of guilt not in the information, appellant relies on Rodriguez v. State, 18 S.W.3d 228,
229 (Tex. Crim. App. 2000). However, this case is readily distinguishable from
Rodriguez, where no "susceptibility theory" was put forward, merely a new charge
of intoxication by a combination of drugs and alcohol not alleged in the information. 
Id.

 Here, the instruction did not expand on the allegations in the information. See
Sutton v. State, 899 S.W.2d 682, 685 (Tex. Crim. App. 1995) (plurality opinion). In
accordance with Sutton, the charge authorized conviction only if the jury found
appellant had been intoxicated with alcohol, either alone or in combination with drugs
that made him more susceptible to the alcohol. See id. To return a guilty verdict, the
jury was still required to find, beyond a reasonable doubt, that appellant was
intoxicated by reason of the introduction of alcohol into his body. See id. The jury
clearly did so, finding appellant guilty "as charged in the information." Accordingly,
we conclude the trial court did not err in including the instruction in the jury charge.

 We overrule appellant's third point of error.

Conclusion


 We affirm the judgment of the trial court.




 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.
1. Appellant did address the issue, for the first time, while the jury was
deliberating. The jury sent a note to the trial court indicating that the jury had
heard a statement on the videotape that appellant was, at the time of the
charged offense, on probation for a prior DWI conviction and asked how to
consider it. The trial court denied appellant's motion for mistrial. Later, but
before the jury rendered its verdict, it was determined that the reference on the
videotape to a prior DWI conviction applied to the passenger in appellant's car
and not to appellant. The jury was then given that information and instructed
not to consider that audio portion of the videotape for any purpose.