In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00602-CR
____________

THOMAS KERR GRAY, III, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Court at Law No. 1 
Harris County, Texas
Trial Court Cause No. 1086665 




MEMORANDUM OPINION
          A jury found appellant, Thomas Kerr Gray, III, guilty of the misdemeanor
offense of driving while intoxicated (DWI), and the trial court assessed punishment
at 180 days in jail, probated for one year, and a fine of $300. In four issues, appellant
contends that the trial court erred by including a jury instruction on the synergistic
interaction of alcohol with prescription drugs. We affirm.
Background
          On June 9, 2001, Department of Public Safety Officer Claude Davis arrested
appellant for driving erratically and exhibiting signs of intoxication. Davis testified
at trial that appellant smelled of alcohol and had symptoms of alcohol intoxication. 
Appellant’s father testified that appellant had taken four prescription medications,
Respiratol, Zoloft, Klonopin, and Depical, which caused appellant to experience
disorientation. In rebuttal, the State’s chemist testified to the intoxicating effect of
the medications combined with alcohol. 
          The information charged appellant with operating a motor vehicle in a public
place while intoxicated, namely, “not having the normal use of his mental and
physical faculties by the reason of the introduction of alcohol into his body.” In its
charge to the jury, the trial court included the following instruction regarding the
synergistic interaction of alcohol with prescription drugs:
          You are further instructed that if a Defendant indulges in the use
of a drug, to wit, Respiratol, Zoloft, Klonopin and/or Depical, to such an
extent that he thereby makes himself more susceptible to the influence
of alcohol than he otherwise would have been, and by reason thereof
becomes intoxicated from recent use of alcohol, he would be in the same
position as though his intoxication was produced by the use of alcohol
alone. 

Furthermore, the following application paragraph was included in the charge:
          Therefore, if you believe from the evidence beyond a reasonable
doubt that the defendant, THOMAS KERR GRAY, II (sic), on or about
the 9th day of June, 2001, did then and there unlawfully while
intoxicated, namely, not having the normal use of his mental or physical
faculties by the reason of the introduction of alcohol into his body, and
while so intoxicated, by reason of the introduction of alcohol into his
body, either alone or in combination with Respiratol, Zoloft, Klonopin
and/or Depical, drive or operate a motor vehicle in a public place, you
will find the defendant “Guilty” as charged in the Information. 

          Appellant objected to the charge, contending that it authorized conviction on
an alternative theory not alleged in the indictment—intoxication by a combination of
prescription drugs and alcohol. The trial court overruled the objection, and the jury
subsequently found appellant guilty “as charged in the information.”
Issue One: Statement of Law Applicable to the Case
          In his first issue, appellant contends that the trial court erred by including the
synergistic-effect instruction because the instruction was not a statement of law
applicable to the case. The trial court must deliver to the jury a written charge setting
forth the law applicable to the case. Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon
Supp. 2003). The applicable law in this case is section 49.01(2)(A) of the Penal
Code, which provides that a person may become intoxicated by way of (1) alcohol,
(2) a controlled substance, (3) a drug, (4) a dangerous drug, (5) a combination of two
or more of those substances, or (6) any other substance. See Tex. Penal Code Ann.
§ 49.01(2)(A) (Vernon 2003). 
          Here, the State presented Davis’s testimony to establish that appellant was
intoxicated through the consumption of alcohol. In rebuttal, appellant introduced
testimony that he had taken prescription drugs prior to his arrest which resulted in his
intoxication. Thus, the evidence raised the issue whether appellant was intoxicated
through alcohol alone or alcohol combined with certain prescription drugs. In light
of this evidence, the trial court properly charged the jury that appellant could be
found guilty if appellant was intoxicated by alcohol alone or “in combination with
Respiratol, Zoloft, Klonopin, and/or Depical.” See Tex. Code Crim. Proc. art.
36.14; Sutton v. State, 899 S.W.2d 682, 685 (Tex. Crim. App. 1995) (plurality
opinion) (because defendant introduced evidence that intoxication resulted from
prescription drugs, synergistic-effect instruction was warranted as law applicable to
case). Accordingly, we hold that the synergistic-effect instruction was properly given
here as law applicable to the case.
          We overrule issue one.
Issue Two: Comment on the Weight of the Evidence
          In his second issue, appellant contends that, by including the synergistic-effect
instruction, the trial court issued an improper comment on the weight of the evidence. 
Appellant argues that the trial court singled out evidence for special attention when
it included the names of the prescription drugs in the charge. The charge in this case,
however, is nearly identical to the charge endorsed in Sutton. 899 S.W.2d at 685. 
Both charges name the prescription drugs that the defendant alleged caused his
intoxication. These charges do not constitute improper comments on the weight of
the evidence, but instead allow for conviction if the jury finds that the defendant was
intoxicated because of alcohol consumption, either alone or in combination with the
specific prescription drugs that were identified by the defendant at trial. See id. We
hold that, under these circumstances, the trial court’s inclusion of the synergistic-effect instruction was not an improper comment on the weight of the evidence.
          We overrule issue two.
Issue Three: Misleading or Confusing the Jury
          In his third issue, appellant contends that the synergistic-effect instruction
misled or confused the jury. Appellant argues that the instruction did not explain the
meaning of the phrase “in the same position.” Appellant further argues that, because
the jury sent a note to the trial court seeking an additional explanation regarding the
synergistic-effect instruction, the jury evidenced its own confusion regarding the
instruction.
          We disagree. Again, the synergistic-effect instruction in this case is virtually
identical to the instruction in Sutton. 899 S.W.2d at 685. Both instructions use the
“in the same position” language. The instruction is clear that the jury, in order to find
appellant guilty, must find that appellant’s intoxication resulted from alcohol, either
alone or in combination with prescription drugs that made him more susceptible to
alcohol. We therefore hold that the synergistic-effect instruction was not so
misleading or confusing so as to “preclude the jury from determining the defendant’s
guilt in light of the evidence and the law.” See Hutch v. State, 922 S.W.2d 166, 170
(Tex. Crim. App. 1996). 
          We overrule issue three. 
Issue Four: Alternative Theory of Guilt Not Alleged in the Information 
         In his fourth issue, appellant contends that the trial court erred because the
synergistic-effect instruction submitted an alternative theory of guilt in the charge that
was not alleged in the information. Appellant argues that the instruction authorized
the jury to convict him if it found either that he was intoxicated by alcohol alone, as
alleged in the information, or because he consumed alcohol in combination with
Respiratol, Zoloft, Klonopin, or Depical, an allegation not contained in the
information. 
          In support of his argument that the instruction submitted an alternative theory
of guilt not found in the information, appellant relies on Rodriguez v. State, 18
S.W.3d 228, 229 (Tex. Crim. App. 2000). However, this case is distinguishable from
Rodriguez, in which no “susceptibility theory” was put forward, and the jury charge
authorized conviction even if the defendant was intoxicated solely from prescription
drugs without any alcohol consumption, which was the opposite of what the
indictment alleged. Id. 
          The instruction here did not expand on the allegations in the information. See
Sutton, 899 S.W.2d at 685. In accordance with Sutton, the charge authorized
conviction only if the jury found that appellant was intoxicated with alcohol, either
alone or in combination with drugs that made him more susceptible to the alcohol. 
See id. To return a guilty verdict, the jury was still required to find, beyond a
reasonable doubt, that appellant was intoxicated by reason of the introduction of
alcohol into his body. See id. The jury did so, finding appellant guilty “as charged
in the information.” Accordingly, we conclude that the synergistic-effect instruction
did not present an alternative theory of guilt not alleged in the information.
          We overrule issue four. 
Conclusion
          We affirm the judgment of the trial court.


     Elsa Alcala
     Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 47.4.