IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0689-06






WILBERT JAMES TEAL, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


ANGELINA COUNTY





 Keller, P.J., filed a concurring opinion in which WOMACK, and
HERVEY, JJ., joined.


 Article 1.14 provides that a defendant forfeits appellate review if he "does not object to a
defect, error, or irregularity of form or substance in an indictment . . . before the date on which the
trial on the merits commences." (1) The statute essentially dictates a three-step process for reviewing
appellate complaints relating to indictments: (1) Is there an indictment? (2) If so, is the indictment
defective, erroneous, or irregular in some respect? (3) If so, did the defendant lodge a timely
objection to the defect, error, or irregularity? The Court treats the issue before us as a step (1)
inquiry, but I believe that the pivotal issue is actually a step (2) inquiry. 

1. Is there an indictment?


 According to the Texas Constitution, an indictment is "a written instrument presented to a
court by a grand jury charging a person with the commission of an offense." (2) In Cook v. State, we
held that this language literally required a "person" to be named as the perpetrator in the written
instrument in order for that instrument to qualify as an indictment. (3) In Duron v. State, we addressed
the requirement that an indictment charge an "offense." (4) We held that an "offense" is charged if the
written instrument "accuses someone of a crime with enough clarity and specificity to identify the
penal statute under which the State intends to prosecute." (5) If the written instrument purporting to
be an indictment does not in fact qualify as an "indictment," then the defendant is exempted from
the usual requirement that he object to defects in the indictment before the date of trial. (6)

 Duron's standard for determining when an "offense" is alleged can be understood through
the following example. Suppose the purported indictment alleged only the name of the perpetrator
and a culpable mental state: e.g. "John Smith intentionally." Any number of criminal offenses could
contain those allegations. Under Duron, this simply would not be enough information to allege an
offense. 

 But even under appellant's reasoning, the indictment in the present case alleges an offense:
it at least alleges the misdemeanor offense of hindering apprehension. (7) That is an offense that is
insufficient to invoke the district court's jurisdiction, but it is an offense nonetheless. The State, of
course, contends that the indictment alleges more than that, charging the felony offense of hindering
apprehension. But the fact that an offense of some sort is alleged is not in dispute. Therefore, under
the Texas constitution, the written instrument in this case is, indisputably, an indictment.

2. Is the indictment defective? 


 The real question in this case is what kind of offense is being charged in the indictment? 
That question brings us to step (2) of the inquiry, whether the indictment is defective, erroneous, or
irregular. Even when an indictment is error-free, a defendant can raise a claim that he was convicted
of an offense that was not authorized by the facially complete indictment. (8) Under those
circumstances, the defendant can argue persuasively that the indictment was not defective, and thus,
there was nothing to object to prior to trial. In that situation, there is no indictment error; rather,
there is error in charging the jury or in rendering judgment on an offense that the indictment does
not authorize. If, for example, an indictment contains allegations necessary to establish the offense
of robbery but contains no additional allegations that would suggest the greater offense of aggravated
robbery, (9) then there may be no error in the indictment but error would occur at trial if the prosecution
were permitted to pursue an aggravated robbery conviction. A defendant must preserve such a
complaint by objecting at trial. (10) 

 In appellant's case, however, we are not confronted with a facially complete indictment
alleging the misdemeanor offense of hindering apprehension. The misdemeanor offense of hindering
apprehension does not require proof that the fugitive committed a felony offense, but the felony
offense of hindering apprehension does. (11) The indictment in this case contains an additional
allegation that suggests the greater offense of felony hindering apprehension: that the harbored
fugitive was wanted for the offense of "failure to comply with registration as a sex offender," which
is a felony offense. Consequently, we have an incomplete indictment alleging the felony offense of
hindering apprehension, so the indictment was defective, and appellant was required by statute to
lodge a pretrial objection to preserve error on appeal. (12)

 I concur in the Court's judgment. 

Date filed: March 7, 2007

Publish

1. Tex. Code Crim. Proc., Art. 1.14(b).
2. Tex. Const., Art. V, §12(b).
3. 902 S.W.2d 471, 480 (Tex. Crim. App. 1995).
4. 956 S.W.2d 547, 551 (Tex. Crim. App. 1997).
5. Id.
6. Id. at 550 (citing Cook, 902 S.W.2d at 478).
7. See Tex. Pen. Code §38.05(a), (c).
8. Sutton v. State, 899 S.W.2d 682, 686 (Tex. Crim. App. 1995).
9. Compare Tex. Pen. Code §29.02 with §29.03.
10. If the error is considered to be in the jury charge, then even without an objection, the
error would be subject to the Almanza "egregious harm" standard.
11. See §38.05(a), (c).
12. See Studer v. State, 799 S.W.2d 263 (Tex. Crim. App. 1990). I also believe that when
the lesser and greater offenses straddle the misdemeanor-felony divide, an indictment could be
incomplete if it appears to allege only a misdemeanor but was filed in district court, and the
misdemeanor is not one of those few that are sufficient to invoke the district court's jurisdiction. 
Under those circumstances, the State's filing of the indictment in district court evidences its
intent to prosecute a felony offense, and a felony offense exists to which the allegations in the
indictment might reasonably pertain. Of course, where a misdemeanor is not related to any
felony offense for which a district court would have jurisdiction, such as in the "speeding"
example given by the Court, then an indictment alleging such an offense would not be capable of
conferring such jurisdiction.